**People of the State of Illinois, Plaintiff-Appellee, v. Kenneth Davis, Defendant-Appellant.**

**Gen. No. 52,113.**

First District, Second Division.

December 30, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Richard Trais, and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Defendant was found guilty at a bench trial of the crime of robbery for which he received a term of five years' probation. Defendant maintains that the trial court erred in denying his motion to produce a transcript of the prosecuting witness' grand jury testimony made during the witness' cross-examination at trial, and that he was not proven guilty beyond a reasonable doubt.

On December 4, 1965, approximately 8:00 a. m., defendant and the complaining witness, John Green, were in the custody of the Sheriff of Cook County in the Holiday Court lockup at 26th Street and California Avenue in Chicago. John Green testified at trial that in addition to him and defendant, there were 75 or 80 other men in the lockup awaiting trial that morning. Green stated that defendant approached him and said, "Oh man, I want to start on you first; give me your wallet, whatever property you have." Behind defendant stood four or five other men, and when the witness attempted to fight back, he was knocked against the bars of the lockup. Green was forced to turn over to defendant his wallet and wristwatch. Over objection of the defendant, Green was allowed to testify to other acts of robbery committed by defendant on several other men in the lockup at that time.

Green testified that he and several other men were thereafter removed from the lockup by the bailiffs in charge and were taken to another part of the floor to an interrogation room. Green stated he witnessed his wallet and wristwatch being removed from the defendant's possession, and further testified that he at no time gave defendant permission to take either item from him.

George Gould, supervising bailiff of the lockup on the morning in question, testified that he heard scuffling inside the lockup, investigated, and observed Green on the floor. Green and several other men were removed from the lockup, and Green informed the witness that he had been beaten and robbed by the defendant. De-

fendant was later removed from the lockup at which time he turned over to the bailiffs the wallet and wristwatch allegedly belonging to Green. The witness testified that he did not see defendant take the items from Green.

Carlos McNeil, a second bailiff assigned to the lockup, testified that he heard noises inside the lockup and observed several men surrounded by a group of other men, including defendant. He was told by Green that defendant had taken his wallet and wristwatch.

Alonzo Armstrong, one of the persons in custody in the lockup with Green and defendant on the morning in question, testified that he observed defendant and Green playing a game of dice in the lockup, that Green was losing money in the game, that Green pawned his wallet and wristwatch with defendant in return for a loan of money, and that an argument later arose between defendant and Green over the wallet and wristwatch.

Defendant testified in his own behalf and stated he was engaged in a game of dice in the lockup on the morning in question and that Green was also participating in the game, which was denied by Green at trial. Defendant stated that Green lost a considerable amount of money and requested from defendant, and received, money on several occasions during the course of the game with the wallet and wristwatch serving as security. (Both bailiffs who testified at trial stated they were unaware of any game of dice in the lockup prior to the alleged robbery.) Defendant denied he struck Green, or in any way intimidated him into parting with his possessions.

Defendant testified that he had approximately $100 in his possession, the proceeds from a sale of stock, at the time he was accused of the robbery. Police Officer William Struke testified that he investigated the robbery and was given an envelope containing two wallets and two wristwatches, as well as some currency totaling not over $10, which were taken from the defendant. Bailiff Gould also testified in rebuttal that defendant told him

he had over $64 in his possession at the time he was accused of the robbery.

During cross-examination of John Green, defense counsel moved that the state produce a transcript of Green's grand jury testimony. The court denied the motion on the ground that it was not timely made since no such request had been made prior to trial. Defendant first maintains that the trial court committed error in denying this motion. We disagree.

When defendant moved for the production by the state of the police reports and a transcript of Green's grand jury testimony, the assistant state's attorney objected on the ground that the defendant failed to move for, or otherwise request prior to trial, the grand jury minutes. The assistant state's attorney also indicated that he was uncertain of the length of time it would take to produce the transcript, but that it could not be produced that same day.

 The Supreme Court in People v. Aughinbaugh, 36 Ill2d 320, 223 NE2d 117, was confronted with a problem identical to the one we face here, namely, whether a defendant has an absolute right to a transcript of the testimony of a grand jury witness, who later testifies as prosecuting witness at the trial, where the transcript is not available at the trial and where defendant, prior to the time the witness is called at the trial, gives no indication of his intention to request its production at trial. As the Court points out at page 324 of that opinion, the statute governing the taking of testimony before a grand jury permits, but does not compel, that the testimony be recorded. (See Ill Rev Stats 1967, c 38 par 112–6.) In cases where no record has been made of the grand jury witness' testimony, the defendant quite obviously has no right to a transcript of the testimony. But, as the Court states at page 325,

". . . [T]here are also those cases, as the instant one appears to be (although the record contains no clear proof as to this), where the testimony was recorded but not transcribed, so that, even though reported, no grand jury minutes thereof actually exist. A rule which requires production under such circumstances would present several practical problems. The person actually reporting the testimony may have moved, be otherwise unavailable or even dead, particularly in those instances where a substantial interval intervenes between indictment and trial. And, even though the reporter be available, production of a transcript in response to defendant's request made midway in a jury trial might cause substantial delay in proceeding therewith. We therefore believe a fair and workable rule to be one that requires, as in [People v. Johnson, 31 Ill2d 602], production of grand jury minutes relating to prosecution witnesses who testify at trial where such grand jury testimony has been recorded and previously transcribed, and a proper demand therefore (sic) is made by defendant. Accordingly, the ruling of the trial judge was correct in the absence of a showing that the testimony of [the prosecuting witnesses] had been recorded and transcribed at the time of the request for production."

See also 49 Chi Bar Rec 386, at 389; 20 ALR3d 105.

■ ■ The case of People v. Johnson, 31 Ill2d 602, 203 NE2d 399, relied upon by defendant in support of his position, and alluded to by the Aughinbaugh Court in the above quoted portion of its opinion, is distinguishable on its facts. The primary concern in the Johnson case was whether a transcript of the grand jury minutes of a prosecuting witness' testimony should be made available to a defendant in accordance with the general rule that

statements of a witness, in possession and control of the State, must be made available to the defendant. Here, on the other hand, we are not concerned with the right of defendant to access to the minutes of Green's grand jury testimony as such; rather the question is whether defendant was diligent and proceeded properly in exercising that right. As the Court stated in Aughinbaugh, at page 324, "Johnson does not deal with this aspect of the question."

Here, as in Aughinbaugh, there was no showing that the testimony of Green before the grand jury was recorded, or, if recorded, if it was transcribed. Defendant likewise failed to make "a proper demand" therefor. Finally, there is no showing that defendant was in any way surprised by Green being called as a witness at the trial so that he could not give notice to the State that the transcript of Green's grand jury testimony might be requested at the trial. While it is true that the Court in Aughinbaugh was concerned with a case involving a jury, there appears no valid reason why the rule should not be made applicable to bench trials. The "practical problems" foreseen by the Court in Aughinbaugh would, for the most part, present themselves in bench trials as well.

Defendant's contention that he was not proven guilty beyond a reasonable doubt is likewise unavailing. Although there were conflicts in the evidence, such as whether Green pawned his property or whether it was forcibly taken from him by defendant, the amount of money in defendant's possession which he turned over to the bailiffs, the existence or nonexistence of the dice game in the lockup, and the like, all of these were matters of credibility to be determined by the trier of fact. People v. Styles, 75 Ill App2d 481, 220 NE2d 885. The testimony of a single witness, if positive and credible, and although contradicted by the accused, is sufficient to sus-

tain a conviction. People v. Stewart, 62 Ill App2d 428, 211 NE2d 154.

For these reasons the judgment is affirmed.

Judgment affirmed.

McNAMARA and LYONS, JJ., concur.