THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL A. URBAN, Defendant-Appellant.

(No. 69-164;

Fifth District—January 22, 1971.

William R. Hotto, of Fairview Heights, for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Philip G. Feder, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Michael Urban was indicted by a grand jury of St. Clair County, Illinois, charging him with the burglary of McCoy's Tavern at 1301 State Street, East St. Louis, on December 5, 1968. He was tried to a jury on March 12, 1969, and found guilty as charged. The trial court entered judgment on the verdict and sentenced defendant to a term of years of not less than 10 nor more than 15 in the State penitentiary.

The only issue presented for review is whether the evidence supports the verdict.

The testimony at trial was elicited solely from prosecution witnesses; the defendant presenting no evidence. The testimony showed the following chain of events: The tavern in question was operated by Helen McCoy. On the night of December 4, 1968, the tavern was closed for the evening at 10:30 P.M. by the bartender, Edward Walker, who testified as to locking the front door and leaving $14.70 in the cash register in the form of one five dollar bill, five one dollar bills, four dimes, sixteen nickels and fourteen quarters.

At approximately 5:00 A.M. the following morning Police Officer Frisse while on patrol saw two men in front of the tavern. He observed the men use some type of tool to break the glass in the door to the tavern. Upon breaking the glass the two subjects ran to a point about 150 feet away. After approximately five minutes they walked back to the tavern door, looked around and then picked broken glass out of the door. One of the men then raised the blind on the inside of the door and helped the other crawl through the door where the glass had been broken out.

There was a second police car in the area which Officer Frisse had called containing Lieutenant Andrews and Sergeant Friels. The man on the outside of the tavern was walking from side to side in front of the tavern and at this point the second police car approached him. Lieuten-

ant Andrews got out and placed him under arrest. This man was found to be Michael Urban, the defendant.

Sergeant Friels then ordered the second man out of the building and placed him under arrest. He was found to be Jerry Caskey. At the police station Caskey was found to have in his possession one five dollar bill, five one dollar bills, four dimes, sixteen nickels and fourteen quarters.

The Illinois statute on burglary (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(a)), provides:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, * * * railroad car, or any part thereof, with intent to commit therein a felony or theft * * *."

(Ill. Rev. Stat. 1969, ch. 38, par. 5—2), provides:

"A person is legally accountable for the conduct of another when: * * * (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in planning or commission of the offense."

(Ill. Rev. Stat. 1969, ch. 38, par. 5—3, provides:

"A person who is legally accountable for the conduct of another which is an element of an offense may be convicted upon proof that the offense was committed and that he was so accountable, although the other person claimed to have committed the offense has not been prosecuted or convicted, or has been convicted of a different offense or degree of offense, or is not amenable to justice, or has been acquitted."

Defendant contends the State failed to show the commission of a burglary for which he is legally accountable. He claims the State failed to show a lack of authority on the part of Caskey to enter the tavern and that no intent on the part of Caskey to commit a felony or theft therein was shown.

■■ The evidence that the exact amount of money missing from the cash register was found on Caskey in the exact denominations immediately after he was ordered out of the tavern is a relevant circumstance raising an inference of guilt. *People v. McGuire* (1966), 35 Ill.2d 219, 220 N.E.2d 447, Appeal after remand 39 Ill.2d 244, 234 N.E.2d 772 (1968), *cert.* den. 393 U.S. 884; *People v. Mallett* (1964), 30 Ill.2d 136, 195 N.E.2d 687.

■■ The possession of the money is sufficient to show the commission of a larceny on the premises. As stated in *People v. Franeschini,* (1960), 20 Ill.2d 126, 169 N.E.2d 244 at p. 246: "The fact that a larceny was actually committed is evidence that the breaking and entering was accomplished with an intent to commit that offense."

As to failure to show lack of authority to be in the tavern, the law presumes that the presence in a public building for a purpose inconsistent with the purposes for which the building is open to the public is without authority. See *People v. Weaver* (1968), 41 Ill.2d 434, 243 N.E.2d 245 *cert.* den. 395 U.S. 959 where the court said at p. 248, "*  *  * authority to enter a business building, or other building open to the public extends only to those who enter with a purpose consistent with the reason the building is open". Here the tavern was closed at 10:30 P.M. The window was broken out by two men at 5:00 A.M. and one of them entered and was apprehended with the exact amount and denomination of money in his possession as was left in the cash register. The presumption is strong that this presence in the tavern was not for any purpose intended by the tavern keeper.

In regard to defendant's accountability for the burglary, suffice it to say that his conduct as shown by the evidence above established an active participation and attempt to aid in the commission of the offense.

Judgment affirmed.

MORAN and HUNT, JJ., concur.