THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DAVID DAUGHERTY, Defendant-Appellant.

(No. 70-138;

Fifth District—September 15, 1971.

Pearce & Fechtig, of Carmi, for appellants.

Frank Bonan, State's Attorney, of McLeansboro, for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant was convicted of the crime of theft of property not exceeding $150.00 in value in violation of Ill. Rev. Stat., ch. 38, par. 16—1, at a jury trial in the circuit court of Hamilton County.

He contends that he was not proven guilty beyond all reasonable doubt. The evidence discloses that on December 17, 1969 Loren W. LeVault took his two female beagle hounds hunting near his home in Flannigan Township, Hamilton County, Illinois. He returned home at dark, but left the dogs running. He heard the dogs running about ten o'clock that evening and let them run all night without making any attempt to retrieve them. Both dogs had collars, but neither had identification tags. When the dogs did not appear the following morning, he began a search for them. On December 27, 1969, he went to Kincaid, Illinois and met three men who subsequently testified that they had purchased two female beagle hounds from the defendant. LeVault made positive identification of the dogs at the time he met the three men.

The defendant testified that on December 19 he saw a man with a couple of beagle hounds hunting rabbits on his rented farm. After talking with the man for a few minutes he bought the dogs from him for $20.00. No receipt or bill of sale was given or requested. The same day he went to Kincaid, Illinois and sold the dogs.

Whether the defendant stole the dogs as contended by the State or purchased them as he contended was a question of fact decided adversely to the defendant by the jury. The weight and credibility of the evidence is essentially a matter for the trier of fact. In our opinion there was sufficient evidence for the jury to find the defendant guilty beyond all reasonable doubt.

The defendant next contends that the trial court abused its discretion when it failed to grant him a continuance so that he could be represented by counsel of his own choice. The defendant originally retained a lawyer who appeared with him at his arraignment and who tried this case on his behalf. Approximately two months elapsed between the arraignment and the trial and the defendant was out on bond during this period. Prior to the trial his lawyer told defendant that he could not represent him unless he was paid or unless he was appointed by the court to represent him. The defendant did not ask for other counsel until he appeared at trial. At the trial the defendant informed the court that he had retained another lawyer, but that lawyer was unavailable because

he was a delegate to the Constitutional Convention of the State of Illinois. The trial judge then appointed the lawyer who had been representing him from the beginning to represent him at the trial. The lawyer then announced ready for trial with no further objection from the defendant. Under these circumstances we cannot say that the trial court abused its discretion in refusing to grant the defendant a continuance for the purpose of retaining other counsel. *People v. Burson,* 11 Ill.2d 360, 143 N.E.2d 239.

Defendant finally contends that the trial court improperly instructed the jury. We have examined all of the instructions and find that the trial court fully and properly instructed the jury on every phase of this case.

For the foregoing reasons the judgment of the circuit court of Hamilton County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and JONES, J., concur.