THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FREDDIE PATTERSON, Defendant-Appellant.

(No. 70-163;

Fifth District—October 1, 1971.

Matthew J. Moran and Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

A trial was held before a jury in January, 1970, which returned a verdict of guilty of the offense of burglary. This appeal is from the judgment entered on that verdict and the sentence therefrom. The court sentenced Freddie Patterson, hereinafter called the defendant, to a term of not less than four nor more than ten years in the Illinois State Penitentiary.

The defendant was arrested by officers of the Alorton Police Department in a bean field in the vicinity of the Grahmann School in Alorton, Illinois, on July 14, 1969, at approximately 11:45 P.M. The defendant was arrested with two others after being chased by the arresting officers from the rear of a small building on the Grahmann School grounds. A fourth individual was fatally wounded leaving the scene by the officers.

The People and the defendant stipulated that the school building in question was located in St. Clair County and belonged to the County Board of School Trustees of St. Clair County.

The People's only evidence was the testimony of one of the arresting officers, Robert Felton. His testimony was that he was dispatched by radio to investigate "something" at the school. That when he reached the scene, he observed "four men running out of the school", or as stated another way, he saw "four men come from the door"; or yet another way, "I saw the men running out"; or "* * * when I drove up they were running out the door". Officer Felton was emphatic in his testimony that the defendant was in the building even though he did not pinpoint the exact location of the defendant. Officer Felton further testified that the defendant never left his sight.

Further testimony by Officer Felton indicated that the school door had marks on it which appeared to be marks made to pry it open with some tool, that a screw driver was found in the hand of the deceased

individual, pry marks were found on the plaster board surrounding one of the building's air conditioners, of which there were several including one which had previously been removed from its mountings. Also, he testified that desk drawers had been pulled out and their contents spilled on the floor. Cross examination revealed that nothing was taken from the building.

There was also testimony from Officer Felton that although the light bulb immediately outside the school door was "knocked out", there was light from several other lights, and that lighting conditions were "fairly good". The defendant moved the court at the conclusion of the State's evidence for a Directed Verdict. The court denied this motion.

The defendant testified in his own behalf. He stated that on the night in question he was driven by a friend to a skating rink where he stayed until 10:00 P.M. He left the rink on foot on a route which eventually took him to the school where he took a short cut around the larger school building. At this point in time he stated that "these guys came running out of the building" and although he didn't know what was happening, he started running also because they were all heading in the same direction. The defendant denied entering the building. The defendant denied knowing any of the others arrested.

On February 16, 1970, the defendant made an oral motion for probation after the court denied defendant's post-trial motion for a new trial. The defendant's application for probation was heard on March 9, 1970. It was denied. Notice of appeal was filed on March 10, 1970. On March 17, 1971, this Court admitted the defendant to an appeal bond.

The defendant urges that the trial court erred in denying the defendant's Motion for a Directed Verdict of Acquittal made at the close of plaintiff's case and renewed by the defendant's post-trial motion.

■ ■ The defendant contends that all of the necessary elements of the offense of burglary were not proved. The essential elements of the offense of burglary are entry, without authority, within a building, with intent to commit therein a felony or theft. Chap. 38, Sec. 19—1(a), Ill. Rev. Stat. (1969). The defendant asserts that the prosecution failed to show that the defendant entered the building without authority. As stated in a recent decision of this Court, "* * * the law presumes that the presence in a public building for a purpose inconsistent with the purpose for which the building is open to the public is without authority". (*People v. Urban*, (Ill.App.2d), 266 N.E.2d 112. Also see *People v. Weaver* (1968), 41 Ill.2d 434, 243 N.E.2d 245, *cert.* den. 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 746.) In view of the hour of the occurrence, the evidence of prymarks upon the door of the building and the screwdriver found in the hand of the deceased individual, the presumption is strong

that the presence in the school building was not for its intended purpose. ■■ The defendant also claims that there was insufficient evidence to show intent to commit a felony or theft. Circumstantial evidence may be sufficient to prove the existence of intent. (*People v. Taylor*, 410 Ill. 469, 102 N.E.2d 539.) Here again the evidence of the forcible entry, the late hour of the occurrence, the flight from the building, and the rifling of the desks within the building, even in view of the testimony that nothing was taken, is more than sufficient for the triers of fact to conclude that the entry was with the intent to commit a theft.

■■ Likewise, although the testimony was contradicted by the accused, the testimony of one individual can be sufficient when positive and credible. *People v. Davis*, 103 Ill.App.2d 418, 244 N.E.2d 381; *People v. Malone*, 126 Ill.App.2d 265, 261 N.E.2d 776; *People v. Stringer*, 129 Ill.App.2d 451, 263 N.E.2d 500.

■ We cannot hold that there was insufficient evidence from which the jury could find the defendant guilty beyond a reasonable doubt.

Defendant contends that the trial court erred in failing to admit the defendant to probation and that the sentence imposed by the trial court of four to ten years was excessive. The probation report revealed that the defendant was a 20 year old high school graduate, had been employed in 1968, during the summer of 1969 did volunteer work for the Neighborhood Opportunity Commission and during the holiday season of 1969, between his indictment and trial, was employed as a stock boy in a department store. It further disclosed that "a check of the I.Y.C. and F.B.I. reveals no prior arrest, convictions or incarcerations". The probation report concluded "We of the probation department do not make a recommendation in this case". The State urged that "once a defendant has been found guilty by trial and a jury, he should not be given probation". While the court agreed that "probation is available to anyone" and that such automatic denial of probation would deprive defendant of the constitutional right to stand trial, proceeded to deny the motion for probation without giving a reason. The defendant waived hearing in mitigation and aggravation since the information was "all in the record". As defense counsel pointed out "he does seem to have gone to school, to have worked as often as he could, he has no prior record—evidently the probation officer couldn't find anything which was bad. It doesn't say he couldn't be rehabilitated on probation".

■■ As pointed out in *People v. Donovan*, 376 Ill. 602, 35 N.E.2d 54:
"The discretion the court may exercise upon an application for probation is not an arbitrary discretion to be exercised at the mere will or whim of the court, but it is a sound legal discretion dependent for its exercise upon the facts shown."

We believe that this would have been a proper case for probation but that question has become moot in view of the fact that defendant has served more than one year of the four to ten year sentence imposed. ■■ In view of the showing of this record, we agree that the sentence imposed was excessive. (See *People v. Conner* (Ill.App.2d), 268 N.E.2d 439; *People v. Grigsby*, 75 Ill.App.2d 498, 220 N.E.2d 948 and *People v. Livingston*, 117 Ill.App.2d 189, 254 N.E.2d 64.) We therefore modify the sentence, reducing the minimum to the time which defendant has served and the maximum to three years.

Judgment modified, and as modified, affirmed.

CREBS and MORAN, JJ., concur.