THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE J. WRIGHT, Defendant-Appellant.

(No. 55622;

First District—December 27, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE ENGLISH delivered the opinion of the court:

## CRIME CHARGED

Armed robbery. Ill. Rev. Stat. 1969, ch. 38, par. 18—2.

## JUDGMENT

After a bench trial, defendant was found guilty and sentenced to a term of two to four years.

## PROCEEDINGS ON APPEAL

The trial court duly appointed the Public Defender to represent defendant on appeal, and the record has been filed in this court without cost to defendant.

On July 29, 1971, defense counsel filed a petition for leave to withdraw on the ground that he had been unable to discover any meritorious basis for appeal. He also filed a brief in accordance with *Anders v. California*, 386 U.S. 738, in which he stated that the only point which might be arguable on its merits was the proposition that the evidence did not establish defendant's guilt.

On July 29, 1971, copies of the Public Defender's petition and brief were served on defendant in the penitentiary. Shortly thereafter, defendant was notified by this court that he might have until October 25, 1971, to raise any additional points he might choose in support of his appeal. He did not respond.

■■ We have examined the record in detail (including the full report of proceedings) and reach the conclusion that there is abundant proof of defendant's guilt beyond a reasonable doubt. He had been known to the victim-witness for some time prior to the robbery—they lived on the same floor of the same apartment building; the confrontation was at close range under good lighting conditions; the victim called the police promptly and from his apartment window pointed out defendant on the street, at which time the arrest was accomplished. Two other youths, one of whom pointed a gun at the victim, participated with defendant in robbing the victim of his watch, money, and wallet. These two were unknown to the victim, and, so far as appears, they were never apprehended.

■■ Defendant was the sole witness on his own behalf and testified, by way of alibi, that he had been in a tavern at the time in question. He conceded that he knew the victim and the victim knew him, but accused the victim of lying in his identification testimony. However, the judge did not believe defendant, and the credibility of the witnesses is, of course, a matter for the trial court.

■■ We have looked closely at the record of defendant's waiver of a jury trial and find it in good order. We have also seen that defendant

had been convicted of involuntary manslaughter in November, 1969, for which he was admitted to probation for five years. Thus, he was on probation at the time of the instant offense. In consequence of this fact, defendant's sentence cannot possibly be considered excessive, but quite the contrary.

We believe that we have made "a full examination of all the proceedings," pursuant to *Anders, supra.* Our conclusion is that there are no points on this appeal which are "arguable on their merits," and that the appeal is "wholly frivolous."

Defendant's attorney is therefore given leave to withdraw from the case, and the judgment is affirmed.

Judgment affirmed.

DRUCKER and LORENZ, JJ., concur.