THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* JAMES JOHNSON, Defendant-Appellant.

(No. 57714;

First District (5th Division)—November 2, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago, (Kenneth L. Jones, Judith Smith Leland, and Paul Bradley, Assistant Appellate Defenders, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Linda West Conley, Assistant State's Attorneys, and Nicholas P. Iavarone, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

James Johnson, defendant, was charged by complaint with disorderly conduct (Chapter 193—1 of the Municipal Code of Chicago), theft (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a)(1)) and battery (Ill. Rev. Stat. 1971, ch. 38, par. 12—3). After a bench trial, defendant was found guilty of each charge and was sentenced to one year in the House of Correction on the theft and battery charges, the sentences to run concurrently, and was fined $10 and costs on the disorderly conduct charge. On appeal, defendant contends that the trial court erred in failing to grant his motion to suppress evidence and that the State failed to prove him guilty beyond a reasonable doubt.

At the pretrial motion to suppress evidence, the following testimony was adduced:

Patrick Camden, a Chicago police officer, testified that on March 8, 1972, at approximately 4:15 P.M., he received a call about prowlers in a second floor, vacant apartment at 315 E. 54th Street, Chicago. Upon arriving at that address, he had a conversation with a tenant who lived in the apartment directly below the vacant apartment and who had called the police. The witness then proceeded to the vacant apartment in the building where he observed that the door was open, and as he was going up the stairs, he heard voices in the apartment. He saw three people in the apartment, one of whom was defendant. The three men in the apartment were drinking. He informed them that they were under arrest and ordered them to turn around and put their hands up against the wall. Lying on the floor next to defendant was a wallet containing a driver's license belonging to L. C. Army.

Larry Dush, a Chicago police investigator, testified that he was assigned the investigation of an armed robbery which occurred March 8, 1972, at 368 E. 55th Street, Chicago. He subsequently received from Officer Camden a wallet which had been taken from the victim of the armed robbery, L. C. Army. Army was hospitalized as a result of the armed robbery. Eight photographs were shown to Army in the hospital and he identified defendant's photograph as one of his robbers.

The motion to suppress was denied.

At trial, the following evidence was adduced: L. C. Army testified that on March 8, 1972, he was working at the gas station at 368 E. 55th Street, Chicago. At approximately 1:00 A.M., he walked out to the pump, at which time defendant (identified in court) poked his arm and announced a hold-up. When Army turned around, he observed defendant holding a gun. There was a light on above the pump and Army was standing approximately five feet from defendant. Defendant forced Army to go to the rear of the station, at which time a second man took approximately $30 out of his pocket, and then defendant shot Army. The entire incident took approximately five minutes.

Defendant stipulated that the testimony of Officer Camden would be the same as the testimony he had given on the motion to suppress.

Defendant testified that on March 8, 1972, he did not hold up or shoot Army. On that date, he was arrested in a vacant apartment at 315 E. 54th Street, Chicago. Neither defendant nor his two companions lived in the apartment. The police recovered a wallet that was up over a door somewhere in the apartment. He denied knowing that the wallet was there or every having seen it previously.

■■ Defendant's first argument on appeal is that the trial court should have granted his motion to suppress since the evidence was the fruit of an illegal arrest. A police office may arrest a person when he has reason-

able grounds to believe that the person is committing or has committed an offense (Ill. Rev. Stat. 1971, ch. 38, par. 107—2(c)). Reasonable grounds to make an arrest do not require that quantum of proof necessary to sustain a conviction. (*People v. Novak*, 33 Ill.3d 343, *cert. denied*, 384 U.S. 1016, 211 N.E.2d 235.) The officer's belief may be founded on hearsay and on factual and practical considerations of everyday life upon which actions are taken by reasonable and prudent men, not necessarily legal technicians. (*People v. Colbert*, 10 Ill.App.3d 758, 295 N.E. 2d 225.) All the circumstances under which a person is arrested must be taken into consideration in determining whether there existed reasonable grounds to make the arrest. *People v. Battiste*, 133 Ill.App.2d 62, 272 N.E.2d 808.

 In the case at bar, the circumstances testified to by Officer Camden, as set forth above, constituted sufficient justification for his having placed defendant under arrest. The arrest being lawful, the seizure of the wallet, which was described as being in plain view, was reasonable and therefore also lawful, and not beyond permissible scope, as argued by defendant. No search was involved.

██ In *People v. McCracken*, 30 Ill.2d 425, 197 N.E.2d 35, the defendant also contended that certain evidence seized from him at the time of his arrest should have been suppressed as being the result of an unlawful search. In rejecting this argument, the court said at 429:

> "We have held that a search implies a prying into hidden places for that which is not open to view; and that a search implies an invasion and quest with some sort of force, either actual or constructive (*People v. Woods*, 26 Ill.2d 557; *People v. Marvin*, 358 Ill. 426, 428). Where, as here, the articles are in plain and open view and are observed by police officers under suspicious circumstances, it is not a 'search' nor an unreasonable seizure for the officers to make a reasonable investigation thereof."

See also *People v. Bombacino*, 51 Ill.2d 17, *cert. denied*, 409 U.S. 912, 280 N.E.2d 697; *People v. Tate*, 38 Ill.2d 184, 230 N.E.2d 697; and *People v. Elmore*, 28 Ill.2d 263, 192 N.E.2d 219.

 Defendant's second contention is that he was not proven guilty of theft and battery beyond a reasonable doubt. At a bench trial, the credibility of witnesses is for the trial judge to determine. (*People v. Wright*, 3 Ill.App.3d 262, 278 N.E.2d 175), and the decision of the trier of fact in this regard will not be disturbed unless it is based upon evidence which is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. (*People v. Daugherty*, 1 Ill.App.3d 290, 274 N.E.2d 109.) The testimony of one witness, if positive and credible, is sufficient to sustain a conviction, even though contradicted by the accused. (*People*

*v. Bonds,* 132 Ill.App.2d 827, 270 N.E.2d 575.) In the case at bar, L. C. Army testified that the defendant was the man who robbed and shot him. His testimony was positive, credible and sufficient to support defendant's conviction beyond a reasonable doubt.

■■. Defendant's final contention is that he was not proven guilty of disorderly conduct beyond a reasonable doubt. The ordinance under which defendant was convicted prohibits only that conduct which tends to cause public disorder or to. disturb the public peace and quiet. (*City of Chicago v. Perez,* 45 Ill.2d 258, 259 N.E.2d 4.) In the case at bar, the evidence established that defendant was present in a vacant apartment with two other men and that he was drinking. Officer Camden testified that upon his approach to the apartment, he heard voices. The prosecution argues that the tenant with whom Officer Camden had a conversation prior to entering the building was disturbed by the defendant, and that this disturbance constituted disorderly conduct. This is pure conjecture. By the evidence adduced at trial, the City did not adequately prove that a public disorder or breach of the peace was caused by defendant's actions, and it was therefore insufficient to establish the defendant's guilt on the charge of disorderly conduct. That judgment is therefore reversed.

While it appears from the evidence that this defendant could have been charged by indictment with armed robbery or theft from the person, aggravated battery or possibly attempt (murder), all of which are felony offenses carrying penitentiary sentences, he was not so charged. Instead, both the battery and theft charges were presented in their minimal form by way of complaint only and not indictment. After being found guilty of theft and battery, defendant was sentenced to concurrent terms of one year in jail on each charge.

■■ Since there has not yet been a "final adjudication" in this case, the currently effective Unified Code of Corrections must be considered by this court as to the penalties imposed (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4), but only if the new penalty provisions would result in lesser sentences than those determined by the trial court. The maximum penalty for battery, a Class A misdemeanor under the Unified Code, is *less* than one year in jail. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8 —3(a) (1).) While this provision would require a reduction in defendant's sentence by at least one day, we are, in our opinion, required to consider the maximum statutory sentence permitted at the time defendant committed the battery in this case. The then current penalty provision (Ill. Rev. Stat. 1971, ch. 38, par. 12—3) fixed the maximum at six months in jail. We therefore consider ourselves required to reduce defendant's sentence for battery, not just by one day, but to six months in jail, and

746

his sentence on this charge is modified accordingly and affirmed as modified.

■■ As to the charge of theft, defendant's sentence of one year cannot stand because the Unified Code makes that offense (as presented in this case) a Class A misdemeanor for which the penalty is *less* than one year in jail. (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(a) (1) and Ill. Rev. Stat., 1972 Supp., ch. 38, par. 16—1(e) (1), and par. 1005—8—3(a) (1).) Accordingly, defendant's sentence on his theft conviction is modified by the reduction of one day, and, as so modified, is affirmed.

Reversed in part. Affirmed as modified in part.

LORENZ and SULLIVAN, JJ., concur.