THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE CARR, Defendant-Appellant.

(No. 57754;

First District (4th Division)—November 28, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago (Robert E. Davison, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James S. Veldman and Thomas G. White, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from convictions under Complaint No. 71 MC1 629717 charging defendant with the possession of a narcotic drug (methadone) in violation of the Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, § 22—3), and Complaint No. 72 MC1 J941458 charging the defendant with attempted theft in violation of Ill. Rev. Stat. 1971, ch. 38, § 16—1(a). A jury was waived and the defendant was found guilty on both complaints. The court placed defendant on probation for two years for the narcotic conviction and one year for attempted theft, to run concurrently.

Defendant appeals and presents the following questions for review:

1. Whether Complaint No. 71 MC1 629717 which charged the defendant with possession of a narcotic drug (methadone) in violation of Ill. Rev. Stat. 1969, ch. 38, § 22—3, charges defendant with an offense.

2. Whether Complaint No. 72 MC1 J941458 which charged defendant with attempted theft in violation of Ill. Rev. Stat. 1971, ch. 38, § 16—1(a) was proven beyond a reasonable doubt.

■■ The State admits the correctness of defendant's contentions that Complaint No. 71 MC1 629717 fails to charge an offense. The defendant's narcotic conviction must be reversed inasmuch as the State has admitted error on this point. Where a conviction rests upon a complaint which fails to state an offense, we will reverse without remand. *People v. Leach* (1972), 3 Ill.App.3d 389, 393, 279 N.E.2d 450, 452.

The defendant claims he was not proven guilty beyond a reasonable doubt of the offense of attempted theft as charged in Complaint No. 72 MC1 J941458. He was tried by the court, found guilty and sentenced to one year probation.

At the trial, Mr. Harry Lewis, a store detective in Carson Pirie Scott and Company, testified that he was in the store basement on March 2, 1972 when he observed the defendant take two pairs of pants from a rack, remove the price tag, and enter a fitting room. When he left the fitting room defendant had on one pair of the pants removed from the rack under his own pants. He left the store and Mr. Lewis followed and apprehended him. He was asked to go to the store's security office where the pants were removed and placed in a cabinet for safekeeping. The pants were valued at $18. On cross-examination he stated he did not see defendant talking to any sales personnel. When defendant came out of the fitting room he put two pairs of pants on the rack. Mr. Lewis did not talk to any sales personnel about a possible exchange of pants.

The defendant, Eugene Carr, testified that he went into Carson's to exchange a pair of pants, given to him as a gift, which were imperfect.

He told a saleslady that he wanted to exchange the pants. He took two pairs of pants from the rack, went to the dressing room and exchanged the pants. He put two pairs of pants back on the rack, one being the ones he brought or wore into the store. After he was arrested outside the store, he was not taken to any of the sales personnel to verify his story.

■■ It is well settled in Illinois that conflicts in evidence are a matter to be decided by the trial court; and a reviewing court will not substitute its judgment for that of the trial court unless the evidence is so improbable or unsatisfactory as to raise a *serious doubt* of the defendant's guilt. *People v. Coulson* (1958), 13 Ill.2d 290, 294, 149 N.E.2d 96, 99; *People v. Novotny* (1968), 41 Ill.2d 401, 411-12, 244 N.E.2d·182, 188; *People v. Davis* (1968), 103 Ill.App.2d 418, 424, 244 N.E.2d 381, 384; *People v. Davis* (1969), 107 Ill.App.2d 162, 169, 246 N.E.2d 83, 87.

The testimony of a single witness, if positive and credible, and although contradicted by the accused, is sufficient to sustain a conviction. *People v. Stewart* (1965), 62 Ill.App.2d 428, 431, 211 N.E.2d 154.

■■ In a bench trial, the credibility of the witnesses is for the trial judge to determine. (*People v. Wright* (1971), 3 Ill.App.3d 262, 278 N.E.2d 175.) The decision of the trier of fact will not be disturbed unless it is based upon evidence which is so unsatisfactory as to raise a reasonable doubt of defendant's guilt. *People v. Daugherty* (1971), 1 Ill.App.3d 290, 274 N.E.2d 109.

■■ The Illinois theft statute (Ill. Rev. Stat. 1971, ch. 38, § 16—1(a) (1)) provides: "A person commits theft when he knowingly: (a) obtains or exerts unauthorized control over property of the owner; * * * and (1) intends to deprive the owner permanently of the use or benefit of the property; * * *."

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of the offense. Ill. Rev. Stat. 1971, ch. 38, § 8—4(a).

The defendant, Eugene Carr, testified that he was a former employee of Carson's. He went to the store on March 2, 1972, to exchange a pair of pants with an imperfect zipper. He claimed to have talked with a saleslady about changing the pants but was not sure as to *whether she heard him.* Carr removed the tags from two pairs of pants, put one on and returned two pairs to the rack. The only difference in his testimony and Mr. Lewis', the store detective, was whether he put the new ones on top or underneath his own pants. He left the store and was arrested at the subway entrance at State and Madison.

There was ample evidence from which the trier of fact could find not only that the defendant "attempted theft" of the pants by exercising *unauthorized* control over the merchandise, but when he was observed

continuously by the store detective, and left the store wearing the apparel over or under his own pants, he evidenced the intent to permanently deprive the store of the pants.

■■ The defendant's intent to deprive the owner of the use and benefit of the property can be inferred from the facts and circumstances surrounding the alleged criminal act. *People v. McClinton* (1972), 4 Ill.App.3d 253, 280 N.E.2d 795. See also the recent case, *People v. Ida* (1973), 14 Ill.App.3d 407.

As a former employee of the store, defendant should have been aware of the usual method of returning merchandise. He should have presented a sales slip, or if a "gift," he should have left the merchandise with a salesperson while he found a suitable exchange. When he left the store without any evidence of purchase or exchange he exercised *unauthorized* control over the pants and was guilty of theft and the lesser included offense of "attempt theft."

It should also be noted that the one year probationary period is passed.

Therefore, we are of the opinion that the evidence adduced at the trial provided the trial judge with an adequate basis on which to find the defendant guilty beyond a reasonable doubt.

For the foregoing reasons the judgment of the circuit court on the attempted theft conviction is affirmed. The conviction on the possession of methadone is reversed.

Affirmed in part and reversed in part.

BURMAN, P. J., and ADESKO, J., concur.