THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Plaintiffs-Appellees, *v.* GABRIEL NIETO, Defendant-Appellant.

(No. 59021;

First District (1st Division)—March 11, 1974.

*Rehearing denied March 28, 1974.*

BURKE, J., took no part.

Paul Bradley, Deputy Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM:

Following a bench trial, the defendant, Gabriel Nieto, was convicted of the October 26, 1972, aggravated assault of one Marcella Bauml (Ill. Rev. Stat. 1971, ch. 38, par. 12—2(a)(1)) and sentenced to the Illinois State Farm at Vandalia for the term of 1 year; he was also convicted of failure to have an Illinois firearm owner's identification card (Ill. Rev. Stat. 1971, ch. 38, par. 83—2) and sentenced to 1 year at Vandalia, concurrent with the previous sentence, and convicted of failure to register the firearm in question with the city collector of the City of Chicago as required by chapter 11, section 1—7 of the Municipal Code of the City of Chicago and fined $500. Defendant contends (1) that the evidence was not sufficient to prove his guilt beyond a reasonable doubt of the firearm charges (he does not dispute the aggravated assault finding) and (2) that he is entitled to be resentenced to "time served" under the Unified Code of Corrections.

Val Snoble testified that she is a bar maid at 1804 South Ashland in Chicago and on October 26, 1972, about 10:30, the defendant came into the tavern and asked for a drink. She told him he had had enough, to go home. After she had served another customer, the defendant pulled out a gun and said, "You're going to serve me." She became frightened and hollered, "He's got a gun." She crouched behind the bar. When the owner came out, the defendant turned his back on the witness and pointed the gun in the direction of the owner and the witness ran to the washroom.

Mrs. Bauml testified that she owns the tavern at 1804 South Ashland and on October 26, 1972, at 10:30, she saw the defendant come in the door. Noticing that he was intoxicated, she signaled the bar maid not to serve him. The defendant asked her (the witness) for a drink, she said sorry, he had had enough, and went to answer the phone. So far as she could see, the defendant did not have a gun on his person when he walked in. She heard the bartender yell and came out of the phone booth. The defendant came down the length of the tavern to the telephone booth, held the gun on her and said, "Do I get a drink or do I have trouble?" She went upstairs to her apartment and called the police.

Chicago Police Officer Joseph Frank testified that on October 26, 1972, he responded to a call at 1804 South Ashland and observed the defendant running, pursued him down an alley and recovered People's Exhibit No. 1, the weapon, which was admitted in evidence. After advising the defendant of his constitutional rights, he asked him whether or not he had a State firearm owner's identification card and defendant said, "Get out."

■■ As to the violation of the Municipal Code of the City of Chicago, this charge was listed in the notice of appeal, but the record does not show that a copy of the notice of appeal was served on the City of Chicago. Neither were copies of the briefs filed in this court served upon the City of Chicago. Defendant has, therefore, not properly perfected an appeal from the City charge as required by Supreme Court Rule 303(d). Accordingly, the defendant's appeal from his conviction on the City charge must be dismissed. *People v. Claudio*, 13 Ill.App.3d 537, 539, 300 N.E.2d 791.

■■ It is clear that the State failed to prove that the defendant did not have in his possession a State firearm owner's identification card as required by paragraph 83—2 of chapter 38 of the Criminal Code. And on this point, the State has confessed error. Consequently, the conviction for failure to possess a State firearm owner's identification card must be reversed.

Defendant correctly contends that the sentence for aggravated assault contravenes the provisions of the Unified Code of Corrections. Aggravated assault is now a Class A misdemeanor. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—2(b).) The penalty for a Class A misdemeanor is any term less than 1 year. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—3(a)(1).) The sentence for aggravated assault is, therefore, reduced to 364 days and, as modified, the judgment of the circuit court of Cook County, finding the defendant guilty of aggravated assault, is affirmed. *People v. Johnson*, 15 Ill.App.3d 741, 305 N.E.2d 208.

Judgments reversed in part, affirmed in part as modified and appeal dismissed in part.

Mr. JUSTICE BURKE took no part in the consideration or decision of this case.