THE VILLAGE OF WILMETTE, Plaintiff-Appellee, v. HUGH C. MI-CHELS, Defendant-Appellant.

First District (2nd Division)   No. 84—0876

Opinion filed October 29, 1985.

Elliot Samuels, of Chicago, for appellant.

Robert J. Mangler, Corporation Counsel, of Wilmette, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant Hugh C. Michels was charged with driving under the influence of intoxicating liquors on December 21, 1982, in violation of a

village of Wilmette ordinance that was enacted in 1967. The ordinance provided for a fine of not less than $100 nor more than $500. No jail sentence is provided for or authorized under the ordinance.

On November 23, 1983, following a bench trial, defendant was convicted and fined $350. The trial court applied the "civil burden of proof" and also stated that "[i]t was a particularly close case." After denial of his motion in arrest of judgment and motion for new trial, defendant filed this timely appeal.

The principal question which we are called upon to decide is whether the Wilmette ordinance is invalid because it is in conflict with State law.

Major traffic offenses, such as driving while intoxicated (DWI), can be charged under State statutes or local ordinances. Penal and procedural distinctions between State and local charges have resulted in the application of a double standard affecting basically identical offenses. Recent legislation has provided uniform penal provisions to resolve the issues in DWI cases. See Brady, *Major Traffic Charges Such As DWI: The Double Standard Forged Under Distinctions Between State And Ordinance Cases*, 70 Ill. B.J. 292 (1982).

Our State legislature has declared that drunk driving laws in Illinois be "uniformly applied and enforced throughout this State, *** and in all units of local government." (Ill. Rev. Stat. 1981, ch. 95½, par. 11—208.1.) The State DWI statute provides:

> "(c) Every person convicted of violating this Section *or a similar provision of a local ordinance, shall be guilty of a Class A misdemeanor.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(c).)

A Class A misdemeanor is punishable by imprisonment for a term not to exceed one year and/or a fine not to exceed $1,000. Ill. Rev. Stat. 1981, ch. 38, pars. 1005—8—3(a)(1), 1005—9—1(a)(2).

The Wilmette ordinance in effect at the time of this offense provided for a fine of not less than $100 nor more than $500. This obviously was not a Class A misdemeanor.

The village of Mundelein had a DWI ordinance identical to Wilmette in all respects except that Mundelein provided for a fine of not less than $200 nor more than $500, while Wilmette provided for a fine of not less than $100 nor more than $500. The Mundelein ordinance was declared invalid because it was in conflict with State statutes prohibiting driving while intoxicated. *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29, *appeal denied* (1984), 96 Ill. 2d 568.

Wilmette does not dispute nor challenge the result in the *Munde-*

*lein* case. In fact, it has amended its DWI ordinance to provide for a Class A misdemeanor and to bring it into conformity with *Mundelein*. Nevertheless, Wilmette urges that the defendant's conviction be upheld. In support of its argument it is urged that the following dates are significant. Defendant was arrested on December 21, 1982. The original court date was January 20, 1983, and the village was ready for trial for six consecutive dates prior to the decision in *Mundelein* in September 1983. It contends that defendant was arrested under a valid ordinance and only due to his repeated continuances was he not tried under a valid ordinance. Because the case went to trial on November 23, 1983, approximately two months after the *Mundelein* decision, the village states that defendant cannot avail himself of such a fortuitous turn of events which was brought about by his delay.

■■ Wilmette does not cite any authority for this novel theory of estoppel. However, Wilmette is not correct in stating that *Mundelein* changed the law. *Mundelein* was merely the vehicle for declaring local ordinances such as Wilmette's invalid by reason of a change in the State statute that was passed on June 18, 1981, and became effective January 1, 1982. (117 Ill. App. 3d 1011, 1014.) Thus, Wilmette was equally dilatory in not amending its ordinance to comply with the new State law, which sought to bring uniformity in procedural and penal aspects of DWI cases. Approximately a year and a half transpired from the time of the change in State law affecting its ordinance and the arrest of defendant.

■■ Wilmette had the option to charge the defendant under the State statute or its ordinance. (*Village of Hoffman Estates v. Spychalski* (1975), 33 Ill. App. 3d 83, 85, 337 N.E.2d 463.) It elected to proceed under its ordinance. Even after the *Mundelein* decision, the village could have dismissed its case and proceeded under the State statute. As a matter of trial strategy, the village elected to proceed under its ordinance in spite of *Mundelein*. We conclude that this choice was misplaced because the ordinance was invalid.

■■ Where a conviction rests upon a complaint which fails to state an offense, a reviewing court will reverse without remand. (*People v. Carr* (1973), 16 Ill. App. 3d 76, 77, 305 N.E.2d 554.) Defendant has presented a number of other issues on appeal. However, because of our disposition of this appeal, we find it unnecessary to address them.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

STAMOS, P.J., and HARTMAN, J., concur.