THE VILLAGE OF PARK FOREST, Plaintiff-Appellant, v. ALAN THO-
MASON, Defendant-Appellee.

First District (4th Division)   No. 85—2717

Opinion filed June 12, 1986.

Richard W. Hall, of Park Forest, and Ernest R. Blomquist III, of Massucci, Blomquist & Brown, of Arlington Heights, for appellant.

Frederick P. Aprati, Ltd., and Joseph L. Planera & Associates, both of Chicago Heights (Joseph L. Planera and John P. Brattoli, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Alan Thomason, was charged with driving under the influence of liquor on October 31, 1983, in violation of a village of Park Forest (hereafter the plaintiff) ordinance that was enacted in 1982. The ordinance provided for a fine of not less than $150 nor more than $500, but it did not provide for or authorize a jail sentence.

On May 1, 1984, defendant pleaded guilty to the charge and was sentenced to a $150 fine and a one-year term of court supervision to terminate on April 9, 1985. However, on April 1, 1985, defendant filed a motion to vacate his plea of guilty on the ground that in *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d. 29, the appellate court found a similar local ordinance to be unconstitutional and that plaintiff's ordinance was also unconstitutional. The trial court subsequently granted defendant's motion, noting that the plaintiff elected to stand on the validity of its ordinance which remained in effect.

On appeal, the plaintiff contends that this is a case of first impression in Illinois to be distinguished from *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29, and *Village of Wilmette v. Michels* (1985), 137 Ill. App. 3d 1001, 485 N.E.2d 426, because this case involves a home rule ordinance and a constitutional challenge to section 11—501(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(c)), which provides that every person "convicted of violating this Section or a similar provision of a local ordinance shall be guilty of a Class A misdemeanor." The plaintiff further contends that an order of supervision should not be set aside,

and a cause returned for trial on defendant's motion, after term, but before termination of supervision, absent any pleading alleging violation of the terms of supervision.

In *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29, the village of Mundelein had a DUI ordinance identical to that of the plaintiff in all respects except that Mundelein provided for a fine of not less than $200 nor more than $500. The appellate court declared the Mundelein ordinance invalid because it violated the State's public policy on drunk driving as expressed in an amendment to section 11—501 (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501, as amended by Pub. Act 82—311, effective January 1, 1982), for its failure to provide for a possible jail sentence of up to one year and a possible fine of up to $1,000.

Similarly, *Village of Wilmette v. Michels* (1985), 137 Ill. App. 3d 1001, 485 N.E.2d 426, concerned a Wilmette drunk driving ordinance which was identical to that of the village of Mundelein except that the Wilmette ordinance provided for a fine of not less than $100 nor more than $500. This court, citing *Village of Mundelein v. Hartnett*, noted that Wilmette's ordinance was invalid and reversed the defendant's conviction thereunder because it rested upon a complaint which failed to state an offense.

■ The plaintiff attempts to distinguish these cases on the basis that they did not involve home rule ordinances or constitutional issues. We cannot accept plaintiff's argument that this case is distinguishable from *Village of Mundelein* and *Village of Wilmette* because it involves a home rule ordinance.

The 1970 Illinois Constitution accorded substantial authority to home rule units, subject only to the restrictions imposed or authorized in the constitution. (*Leck v. Michaelson* (1984), 129 Ill. App. 3d 593, 472 N.E.2d 1166.) However, article VII, section 6, of our constitution provides in relevant part:

> "(a) *** Except as limited by this Section, a home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; ***.
>
> * * *
>
> (g) The General Assembly by a law *** may deny or limit the power to tax and any other power or function of a home rule unit not exercised or performed by the State other than a power or function specified in subsection (1) of this Section.
>
> (h) The General Assembly may provide specifically by law

for the exclusive exercise by the State of any power or function of a home rule unit other than a taxing power or a power or function specified in subsection (1) of this section.

(i) Home rule units may exercise and perform concurrently with the State any power or function of a home rule unit to the extent that the General Assembly by law does not specifically limit the concurrent exercise or specifically declare the State's exercise to be exclusive." Ill. Const. 1970, art. VII, sec. 6.

The limitation "pertaining to its government and affairs" has been interpreted to limit the scope of home rule powers to those relating to their own problems, not to those of the State or the nation. (*Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 470 N.E.2d 266; *Leck v. Michaelson* (1985), 129 Ill. App. 3d 593, 472 N.E.2d 1166.) The supreme court has upheld the right of local governments to enact their own solutions to various problems of local concern following a determination that the State's expression of interest in the subject as evidenced by its statutory scheme did not amount to an express attempt to declare the subject as one requiring exclusive State control. (*Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 470 N.E.2d 266.) These holdings follow the mandate of section 6(i) of the local government article of the Constitution that home rule units may exercise home rule powers concurrently with the State until the general assembly "specifically" limits such exercise or declares the State's exercise to be exclusive and are also consistent with sections 6(g) and 6(h) of that article which provide the methods by which the legislature may preempt a home rule power. *Kalodimos v. Village of Morton Grove* (1984), 103 Ill. 2d 483, 470 N.E.2d 266.

Accordingly, the inquiry in this case becomes whether the State's expression of interest in the subject of drunk driving, as evidenced by its statutory scheme, amounted to an express attempt to declare the subject one requiring exclusive State control. Whether a particular power or function is one accorded to home rule units is to be determined by the courts. (*Ampersand, Inc. v. Finley* (1975), 61 Ill. 2d 537, 338 N.E.2d 15; *Leck v. Michaelson* (1985), 129 Ill. App. 3d 593, 472 N.E.2d 1166.) We conclude that the statutory scheme has amounted to an express attempt to declare the subject one requiring exclusive State control.

■ Municipalities derive their authority for enacting drunk driving legislation from section 11—208(a)(15) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—208(a)(15)) which states that municipalities may adopt "such other traffic regulations as are specifically authorized by this Code" (*Village of Mundelein v. Hartnett*

(1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29). In *Village of Mundelein v. Hartnett*, the court found that the effect of section 11—501(c) of the Illinois Vehicle Code which provides that "[t]he Secretary of State shall revoke the driving privileges of any person convicted under this Section or a similar provision of a local ordinance" (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501, as amended by Pub. Act 82—311, effective Jan. 1, 1982) was to remove from municipalities the discretion of providing for a Class A misdemeanor treatment of their local ordinances and to mandate that the full range of penalties be incorporated into such ordinances. In finding that this legislation evidenced the legislature's intent that ordinance convictions for driving under the influence be treated as severely as convictions under the State statute, the court in *Mundelein* noted the uniformity provision of the Illinois Vehicle Code which provides that "[t]he provisions of this Chapter of this Act, as amended, *** shall be applicable and uniformly applied and enforced throughout this State, *** and in all units of local government." (Ill. Rev. Stat. 1983, ch. 95½, par. 11—208.1.) We further note that section 11—208.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—208.2) provides that "[t]he provisions of this Chapter of this Act limit the authority of home rule units to adopt local police regulations inconsistent herewith except pursuant to Sections 11—208 and 11—209 of this Chapter of this Act." We believe the effect of this statutory scheme is to remove from home rule units as well as other municipalities the discretion of providing for Class A misdemeanor treatment in their local ordinances for drunken drivers.

■ Similarly, we reject plaintiff's argument that section 11—501 of the Illinois Vehicle Code is void and unconstitutional as it applies to ordinance prosecutions because section 6(e) of article VII of the 1970 Illinois Constitution provides that home rule municipalities may punish by imprisonment for six months only when specifically empowered by the General Assembly to do so. As the court noted in *Village of Mundelein*, municipalities derive their authority for enacting drunk driving legislation from section 11—208(15) of the Illinois Vehicle Code and, as previously discussed, we believe that the State's expression of interest in the subject of drunk driving as evidenced by its statutory scheme demonstrates a specific attempt to provide Class A misdemeanor treatment for violations of local drunk driving ordinances. See *Village of Mundelein v. Hartnett* (1983), 117 Ill. App. 3d 1011, 454 N.E.2d 29.

Plaintiff apparently suggests that a second amendment to section 11—501 (Public Act 82—221), which was passed on the same day as

Public Act 82—311, but did not contain the phrase "or a similar local ordinance" is in conflict with Public Act 82—311 but is in harmony with the challenged local ordinance here. However, in *Village of Mundelein v. Hartnett*, the court found no conflict between Public Act 82—311 and Public Act 82—221, because it construed the two acts relating to the same subject matter together to give full effect to each and so found that they provided for Class A misdemeanor treatment for a violation of either the statute or a similar local ordinance.

■ Plaintiff further contends that the supervision order should not have been set aside on defendant's motion after term but before termination of supervision, absent any pleading alleging violation of the terms of supervision. Plaintiff argues that there was no misapprehension of law here, because the *Village of Mundelein* case was announced long before the acceptance of defendant's plea. However, an invalid law is *void ab initio* (*Melbourne Corp. v. City of Chicago* (1979), 76 Ill. App. 3d 595, 394 N.E.2d 1291), and a void order or judgment is subject to attack at any time (*In re Application of Dickey* (1978), 72 Ill. 2d 317, 381 N.E.2d 260).

■ We further reject plaintiff's contention that defendant did not have standing to vacate his plea because he never suffered a conviction and was not in jeopardy of a conviction unless there was a violation of supervision. The status of a case under an order of supervision is in the nature of a continuance until the conclusion of the period of the supervision. (*People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 426 N.E.2d 631.) The order of supervision was not a final judgment, although defendant's right to appeal the order as an interlocutory appeal expired 30 days after its entry on May 1, 1984. (*People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 426 N.E.2d 631.) An interlocutory order may be modified or vacated at any time prior to final judgment. (*Weaver v. Watson* (1984), 130 Ill. App. 3d 563, 474 N.E.2d 759.) Although plaintiff cites *People v. Tarkowski* for the proposition that the trial court could not entertain defendant's petition, that case dealt with the question of whether an appeal could be taken from an order of supervision rather than whether a motion could be heard in the trial court to vacate the plea to the charge because of its invalidity.

Defendant as appellee argues that the plaintiff's ordinance is also invalid as a violation of equal protection. Because we conclude that the ordinance is invalid for failing to comply with the mandate of section 11—501(c), we need not address this issue.

Based on the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting defendant's motion to vacate his guilty plea.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.