(139 So. 113)

## WHITE v. STATE.

### 6 Div. 212.

Court of Appeals of Alabama.
Jan. 12, 1932.

576

D. D. Patton and M. B. Curry, both of Carrollton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

The demurrers to the indictment were properly overruled. Douglass v. State, 21 Ala. App. 289, 107 So. 791; Sims v. State, 23 Ala. App. 387, 126 So. 498; Terry v. State, ante, p. 321, 134 So. 820.

We find no fault in the rulings of the court permitting testimony as to what occurred at the time of the arrest of appellant; his efforts to evade arrest, etc. Evidence as to any conduct or declarations of the accused having relation to the offense charged, indicating his consciousness of guilt, is always admissible. Palmer v. State, 15 Ala. App. 262, 73 So. 139; Ex parte Palmer, 198 Ala. 693, 73 So. 1001; Horn v. State, 102 Ala. 144, 15 So. 278; Starling v. State, 18 Ala. App. 610, 93 So. 221; Jackson v. State, 11 Ala. App. 303, 66 So. 877.

It seems that under the holding of our Supreme Court in the case of Stinson v. State, 135 So. 571, 575, we are unable to review the action of the trial court in "refusing" certain written charges, appearing in the record, because "what appear in the record proper [but, here, in the bill of exceptions] as special charges were not, so far as anything appearing in the record [or anywhere else, we interpolate], authoritatively indorsed 'refused' * * * by the trial judge, as required by the statute, and the mere statement of the clerk to this effect is not authorized by the statute." Stinson v. State, supra.

The indictment charged the appellant with the offense of "assault with intent to rob." Code 1923, § 3303. He was found, by the jury, guilty "as charged in the indictment." His adjudication of guilt, and punishment awarded, followed, accordingly. The evidence was ample to support the verdict and judgment, and the motion for a new trial was properly overruled.

We discover, nowhere, prejudicial error, and the judgment of conviction is affirmed.

Affirmed.