(139 So. 115)

BROADHEAD v. STATE.

l Div. 54.

Court of Appeals of Alabama.
Jan. 12, 1932.

Granade & Granade, of Chatom, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

■ The sentence to hard labor as to the costs of this case appearing in the judgment is ineffective and fails to comply with the mandatory provision which requires the trial court to determine the time, that is to say, the number of days required to work out the costs at the rate of 75 cents per day. Section 5291 of the Code prescribes, " * * * if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and [as stated] the court must determine the time required to work out such costs," etc. This simply means the court must sentence the defendant to hard labor for a specifically stated number of days to pay the cost, and must not, as here appears, leave this sentence for cost for some one else to calculate or determine.

The foregoing is not necessarily of import in this particular case, as we have ascertained that prejudicial error prevailed upon the trial which necessitates a reversal of the judgment of conviction from which this appeal was taken. The rule or requirement is here reiterated for the purpose of instruction as to proper sentence to hard labor for costs. It should be strictly followed, thereby averting the frequent necessity to remand a case to the

578

lower court for proper sentence. The statute in question is clear and explicit as to this requirement, but notwithstanding the appellate courts of this state are frequently called upon to remand cases to the lower courts for failure to comply with the statute.

The offense complained of in this prosecution was the violation of section 4111 of the Code 1923, which makes it unlawful for any person to willfully set fire to any pine forest which is used for the purpose of procuring turpentine, etc. This appellant and three others were charged with the offense; the prosecution originated in the county court upon affidavit and warrant. From a judgment of conviction in said court, an appeal was taken to the circuit court where the accused were tried upon a complaint filed by the solicitor; said complaint being predicated upon the original affidavit.

On the trial of the case in the circuit court, the corpus delicti was fully proven without dispute or conflict; the evidence for the state, in this connection, disclosed that some person or persons had set fire to pine forest which was used for the purpose of procuring turpentine. In other words, the crime charged was shown by the evidence to have been committed; the offense consummated by some one. The material question upon the trial was whether the appellant and his associates were the guilty persons. This they strenuously denied, and offered much evidence in support of their insistence. This was the only issue for the jury to decide. The court, however, charged the jury: "If they were not satisfied that the defendant was guilty as charged, then in their discretion they could render a verdict finding the defendant guilty of an attempt to commit the offense." An exception was duly reserved to the foregoing. The jury followed this instruction, and returned a verdict as follows: "We the jury find the defendant guilty of an attempt to willfully set fire to a pine forest which is used for the purpose of procuring turpentine, and assess a fine of $10.00."

■■■ We are of the opinion that the exception was well taken, and that the quoted excerpt of the oral charge was error. As stated, the crime complained of in this case had been actually committed; hence the question of attempt to commit the crime was not involved. "When a crime is actually consummated there can be no prosecution for an attempt." 6 R. C. L. § 294, p. 277. Graham v. People, 181 Ill. 477, 55 N. E. 179, 47 L. R. A. 731; People v. Moran, 123 N. Y. 254, 25 N. E. 412, 10 L. R. A. 109, 20 Am. St. Rep. 732 and note.

■ An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. In other words, in order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime, but which falls short of the completed crime; the difference between attempt and commission being that the act or step fails to produce the result intended.

A criminal attempt to commit a crime consists of two important elements: First, an intent to commit the crime; and, second, a direct ineffective act done towards its commission. It follows that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission; and, where a crime has been actually committed, the second element or ingredient of an attempt is necessarily lacking, and a prosecution or conviction for an attempt to commit a crime could not be sustained for this reason.

■ Our statute, section 3307 of the Code 1923, provides, upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, etc.

The only reasonable construction of the foregoing statute must be that it has no application in the case where without dispute or conflict the evidence discloses that the crime complained of has been actually committed—fully consummated and completed, as here. The statute must of necessity mean that in cases where the evidence fails to establish, by the required measure of proof, that the crime complained of has been committed, that is to say not completed or fully consummated, the jury, of course, should find the accused not guilty of the commission; but, if the evidence under the required rule does disclose that the accused attempted to commit the crime and failed, the jury would be warranted in so concluding by its verdict as the statute provides. The vice of the charge given by the court, and above quoted, lies in the fact that the jury is given a discretion not warranted in law. If the evidence discloses, without conflict, a consummated crime, the verdict must be one of conviction or acquittal. If, on the other hand, the evidence falls short of a consummated crime, but does establish an attempt, a conviction could be had for that crime. The two crimes are separate and distinct, and there is no room for a compromise verdict or the exercise of a discretion by the jury not based upon the facts.

■ Other questions need not be discussed as the foregoing is conclusive of this appeal, and of this prosecution as well. By the verdict of the jury, this appellant and his asso-

ciates were acquitted of the offense charged. The effort to convict them of an attempt being abortive, the judgment of conviction from which this appeal was taken is reversed, and a judgment here rendered discharging appellant from further custody in this proceeding.

Reversed and rendered.

RICE, J., dissents.