147 So. 688

## BRAZIER v. STATE.

### 4 Div. 954.

Court of Appeals of Alabama.
Nov. 29, 1932.

Rehearing Denied April 18, 1933.

Chauncey Sparks, of Eufaula, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant with the offense of burglary of the dwelling house of one L. L. Conner.

There is but slight conflict in the evidence adduced upon the trial of this case, for without dispute it was shown that this appellant was caught, in the dwelling house of Conner, about half past 1 o'clock in the nighttime. It was also shown without dispute that before the Conner family retired for the night all the doors and windows to the dwelling in question had been closed.

From the foregoing it will be seen that the material question to be determined upon the trial was, With what intent did the accused break into and enter the house in question? If he did so break and enter with intent to steal, the crime would be complete and the charge in the indictment sustained; for the questions of time and venue were not in controversy.

The intent of the accused in breaking into and entering the Conner dwelling was a question solely for the determination of the jury, to be ascertained by them from a consideration of all the attendant facts and circumstances in the case.

■ On the trial practically no insistence of error is predicated upon the rulings of the court on the admission of evidence. The appellant does insist that the court committed reversible error in refusing to give at his request the general affirmative charge in his behalf. This insistence is not predicated upon the insufficiency of the evidence as to the breaking and entering, but upon the grounds that the evidence disclosed that at the time in question the accused was incapable of forming the necessary intent because of his drunken condition. This insistence is untenable and cannot be sustained. The question involved, under the evidence, was one of fact for the jury to determine, and not a question of law for the court as appellant insists.

■ The remaining insistence is to the effect that the court erred in refusing to charge the jury on the question of an "attempt" to commit burglary. We are of the opinion that the court ruled properly in this connection. There appears no evidence in this case upon which a charge of "attempt" could be rested. The breaking and entering into the dwelling house named was conclusively shown by the undisputed evidence, and the offense complained of to that extent had been consummated, not attempted only, and the only element of the offense then remaining was the intent as above discussed. It follows that the question of attempt was not involved, as the offense of breaking into and entering had been fully consummated by the undisputed evidence.

■ The law is that, when a crime is actually consummated, there can be no prosecution for an attempt to commit said crime. In the case of Broadhead v. State, 24 Ala. App. 576, 139 So. 115, and cases therein cited, this question is fully discussed, and is conclusive of the point of decision involved.

The court in its oral charge was thorough, fair, and explicit. In fact it would be difficult to conceive of an abler or fairer statement of the law governing a case of this character. In said oral charge every substantial right of the defendant was fully safeguarded.

The motion for new trial presented only the questions which arose upon the main trial of the case, all of which have been herein discussed. There was no error in the ruling of the court in this connection.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.