194 So. 687

**TURNER v. STATE.**

**2 Div. 673.**

Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Denied Feb. 27, 1940.

E. F. Hildreth, of Eutaw, for appellant.

198

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

## PER CURIAM.

The indictment charges that the defendant unlawfully and with malice aforethought assaulted Vester Purse with intent to murder him.

The verdict of the jury as returned in the court was as follows: "We, the jury, find the defendant guilty of attempt to murder, as charged in the indictment." Based upon this verdict, the judgment of the court was that the defendant, Elmer Turner, is guilty of attempt to murder as charged in the indictment.

The verdict and judgment as recorded in the minutes of the court are not in the usual form and, therefore, present the question as to whether or not the finding of the verdict of the jury is responsive to the indictment and whether the judgment rendered by the court is equivalent to a judgment for an assault with intent to murder.

According to the second definition given in "Webster's International Dictionary", "an attempt" is: "an assault, as an attempt upon one's life."

In Broadhead v. State, 24 Ala.App. 576, 139 So. 115, 117, Bricken, P. J., gives this definition: "A criminal attempt to commit a crime consists of two important elements: First, an attempt to commit the crime; and, second, a direct ineffective act done towards its commission."

In Burton v. State, 8 Ala.App. 295, 62 So. 394, it was held: An attempt to commit a crime is an act done beyond mere preparation, with intent to commit it but falling short of its actual commission. Alabama Digest, Criminal Law, ☞ 44. Thus it would appear that the verdict of the jury is responsive to the indictment, and that the judgment rendered upon the verdict is sufficient upon which to base the sentence.

The evidence for the State tended to prove that the defendant was guilty of an unprovoked assault upon the person of Vester Purse, and that the assault took place in a field seventy-five or one hundred yards from defendant's house. The State's evidence further tended to prove that the assault was with a shot gun, fired by the defendant into the back of the person assaulted.

The evidence for the defendant tended to prove that the difficulty between the defendant and Purse took place in the house of the defendant, and in the room where the defendant's wife was at the time in bed. The evidence for the defendant further tended to prove that defendant's wife was in her bedroom; that Purse was sitting on the side of the bed with his clothes unbuttoned and his boots off; at which time the defendant came into the room and caught them in this attitude; that the difficulty immediately arose between the two; that defendant grabbed his shot gun, ordered Purse out of his house, and as Purse made a motion to draw a weapon, defendant fired, striking him at some place about the shoulders.

Everything said and done at the time and place was relevant and admissible as a part of the res gestae. In passing upon the question, and jury was entitled to a full description of the locus in quo, and everything said and done between the parties leading up to and connected with the shooting.

The rulings of the trial judge were not in accord with these views.

The defendant was entitled to prove that at the time he (defendant) came into his wife's room she was in bed; that Purse came into her room while defendant was not there; that Purse was partially undressed with his shoes off and was taking his breeches off when defendant came into the room. All of these facts were a part of the res gestae, and should have been admitted.

There being some evidence tending to prove that the defendant shot in self-defense, it was relevant to prove that at the time of the difficulty the defendant went into his wife's room in his home and found Purse in a compromising position with his wife, and in connection with this fact, it was relevant to prove that the defendant had warned Purse to stay away from his home and to let his wife alone.

The rulings of the court were not in accord with the foregoing, and for that reason the judgment is reversed and the cause is remanded.

Reversed and remanded.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.