18 So.2d 696

## MITCHELL v. STATE.
### 6 Div. 139.

Court of Appeals of Alabama.

June 6, 1944.

Rehearing Denied June 27, 1944.

F. F. Windham, of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried under an indictment charging him with the offense of robbery, was convicted of the offense of an "assault * * * with intent to * * * rob," and his punishment fixed at imprisonment in the penitentiary for the term of two years. Code 1940, Tit. 14, Sec. 38; Robertson v. State, 24 Ala.App. 237, 133 So. 742; Rambo v. State, 134 Ala. 71, 32 So. 650; Cook v. State, 134 Ala. 137, 32 So. 696.

The appeal is presented under the recent law abolishing bills of exceptions (Gen.Acts Ala.Reg.Session 1943 and Special Session 1942 p. 423, now codified as Section 827 (1) et seq. of Title 7, 1943 Cumulative Pocket Part of Code 1940), and our dire forebodings as to the confusion that would obtain in appeals governed by same could be nowhere, we believe, better exemplified than in the one before us.

Counsel representing appellant, below, as well as here, and the officer prosecuting for the State, seemed to vie with each other in a contest to see who could add more words to the record—perhaps, more accurately, to see who could cause more words to be added to the record. But this is not meant as a criticism; probably in most criminal trials the same thing is done—certainly in a great many.

It was only, however, after the effective date (September 1, 1943) of the above

herein cited Act of our Legislature, that, on appeal, *all* this—often unnecessary—plethora of words was required to be set down and sent up here, on appeal.

Naturally, we believe, when we go to perform our duty under the terms of Code 1940, Tit. 15, Sec. 389, often, as here, it is very difficult to avoid being confused.

But we have done our best, and have concluded that no matters apparent deserve discussion other than those treated by appellant's astute counsel in his brief filed here.

Said counsel does not question the accuracy of the Attorney General's brief reference to the testimony in the case, which reference is: "For the State, the evidence tended to prove that appellant and one Joseph Early Clary, with numerous other people, were engaged in a dice game. Clary exposed his wallet or pocket book during the game which contained many bills. Clary left the game followed by the appellant. Upon being confronted by the appellant, Clary attempted to escape by climbing a ladder attached to a moving box car; whereupon the appellant caught Clary's leg, or clothing, threw him to the ground, removed the victim's pocket book from his pocket and escaped."

Appellant, it might be added by us, denied being at the place described; in fact, denied all knowledge of any robbery or any connection therewith.

■ Appellant's counsel's first contention is, in effect, that the court below erred in not setting the verdict of the jury and the judgment rendered thereon aside, because the State's testimony, even if believed beyond a reasonable doubt, showed no more than that appellant was guilty of larceny, as distinguished from robbery. But we cannot agree.

The State's testimony, pertinently, was that given by Joseph Early Clary as follows, viz.: "He (appellant) caught me around the leg and drug me off the train; I was trying to climb the side of it; I hit on my left side and he jerked my bill fold out and ran off with it. He didn't exactly hold me down. I hit on my left side; my feet went out from under me. He got my bill fold in which I had $140.00."

As said by our Supreme Court in its opinion in the case of Evans v. State, 80 Ala. 4: "While it may be true, that mere taking unawares, or a sudden snatching a thing from the hand of another is not rob-

bery, if the snatching be accompanied with violence, or such demonstrations * * * as to create a reasonable apprehension of bodily injury, or creates resistance however slight, the offense is committed." That, we think, was the case shown by the State's testimony here. See Thompson v. State, 24 Ala.App. 300, 134 So. 679, for a good discussion of the matter; also Thomas v. State, 91 Ala. 34, 9 So. 81, 83.

We have made some comment hereinabove as to the difficulty of our task in pursuing our duty under the Statute (Code 1940 Tit. 15, Sec. 389) since it is now, as here, required that "the court reporter shall * * * transcribe the evidence, including objections, oral motions and rulings of the Court, certify to it and file it with the Clerk." (And) "the evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made (where required) as though the transcript constituted a bill of exceptions." Gen.Acts Ala.Reg.Session 1943 and Special Session 1942 p. 423, supra.

We have found it particularly trying, in the instant case, by reason of the fact that counsel below, we believe in no instance contented themselves with the examination of a witness *once* on "direct," and *once* on "cross;" but with practically every witness it was thought proper to "examine and re-examine" some four or five times; with a "cross-examination" following each effort. The result was (is) that where we have the duty of saying whether or not a given "predicate" was laid; or whether any particular matter was brought out in the testimony it is extremely tedious to be accurate.

Appellant's formidable brief, we thought, would simplify the matter for us. But close examination and careful study reveals that his counsel became, often, confused, no less than ourselves.

For instance, counsel asserts in his brief: "the appellant, as shown on pages 98 and 99 of the transcript, attempted to show by his mother, Mrs. Lizzie Mitchell, evidence to account for appellant's absence from the time he left on the bus, December 4th, until his return, and the court not only refused to admit this evidence, but," etc. And counsel proceeds to make a telling point to the effect that the trial court undoubtedly erred under the holding as to "evidence of flight" contained in the case of Goforth v. State, 183 Ala. 66, 63 So. 8, as well as that in our own case of McAl-

**472**

lister v. State, 30 Ala.App. 366, 6 So.2d 32.

But an examination of "pages 98 and 99 of the transcript" does not bear out what the counsel so confidently asserts. To the contrary, it reveals that "his mother, Mrs. Lizzie Mitchell," *was* permitted to testify—in fact. without objection—that appellant went to North Carolina to see his wife. And on said two pages of the transcript we find *no* exception to a ruling even resembling error.

And so on, throughout his brief.

We have laboriously searched the confused record; and have painstakingly given attention to all that has been written by the appellant's industrious counsel in his brief filed here—aided, as we have been, by the brief filed on behalf of the State.

It would be impracticable and unprofitable to discuss the numerous rulings apparent and called to our attention by counsel. They have each had our careful scrutiny.

If any such ruling is not obviously correct, it is obviously innocuous—harmless.

We find nothing for which the judgment ought to be reversed.

It is affirmed.

Affirmed.