155 So.2d 530

**Ray COCHRAN**

v.

**STATE.**

**4 Div. 474.**

Court of Appeals of Alabama.

April 23, 1963.

Rehearing Denied June 4, 1963.

———◆———

J. Hubert Farmer, Dothan, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Ray Cochran, was indicted by the Grand Jury of Houston County for the offense of robbery. Trial was had after a sanity examination. Upon a plea of not guilty, the jury returned a verdict of guilty of assault with intent to rob. The trial judge sentenced the appellant accordingly and fixed punishment at imprisonment in the penitentiary for a period of seven years. A motion for a new trial was overruled and an appeal was taken to this court.

The evidence presented by the State tends to show that Miss Julia Kelley, the lone occupant of her automobile, stopped for a red traffic light about 11:00 P.M. on September 28, 1961, in the downtown section of Dothan. The appellant jumped into her car and pushed her from under the steering wheel and drove off.

The appellant drove around the City of Dothan and told Miss Kelley that she would have to go out of town with him. He asked her whether she had any money and forcibly took seventy-five cents from her purse against her will by pointing a pistol at her and threatening to tie her up with his belt.

Appellant drove to a filling station to buy gasoline. Miss Kelley was forced by appellant to write a check for the price of the gasoline plus ten dollars. After purchasing the gasoline, the appellant drove to a house where he bought a pint of whiskey. After driving around town for a short while, he drove back to the filling station for the purpose of cashing another of Miss Kelley's checks.

At the filling station Miss Kelley called her father. The appellant drove off before Mr. Kelley arrived and the police arrested the appellant a short time later in the City of Dothan.

At the conclusion of its case, the State introduced into evidence the toy pistol, the knife, belt, bottle of whiskey and envelope containing $1.20 (exhibits 1 through 5) taken from appellant at the time of his arrest.

The testimony introduced by the appellant tended to show that he and Miss Kelley had been friends since high school and had dated each other frequently. The appellant testified that Miss Kelley stopped and picked him up in Dothan and that they tried to get checks cashed for enough money to go to Atlanta. The appellant denied that he robbed Miss Kelley.

The State's evidence would support a conviction of robbery as alleged in the indictment.

"Section 323, Title 15, of the Code of Alabama 1940, provides: 'When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor.'

"Section 42, Title 14, of the Code of Alabama 1940, also provides: 'Upon

the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt.'

"Neither of said sections, however, can be construed to vest in the jury a pardoning power. Said sections properly construed mean where the evidence fails, under the required rule as to measure of proof, to show that the actual offense charged in the indictment has been committed as charged, then, if the evidence warrants it, the provisions of such sections may be applied and a conviction had for a lesser offense which is necessarily included in the offense with which he is charged." Edwards v. State, 33 Ala.App. 386, 34 So.2d 173.

■ The motion to set aside the judgment should have been granted because, as pointed out in the fifth ground of that motion, under the evidence the defendant was either guilty as charged or he was guilty of nothing.

"In Broadhead v. State, 24 Ala. App. 576, 139 So. 115, 117, this court held:

"'An attempt to commit a crime consists of three elements: (1) The intent to commit the crime; (2) performance of some act toward the commission of the crime; and (3) the failure to consummate its commission. In other words, in order that there may be an attempt to commit a crime, whether statutory or at common law, there must be some overt act in part execution of the intent to commit the crime, but which falls short of the completed crime; the difference between attempt and commission being that the act or step fails to produce the result intended.

"'A criminal attempt to commit a crime consists of two important elements: First, an intent to commit the crime; and, second, a direct ineffective act done towards its commission. It follows that a failure to consummate the crime is as much an element of an attempt to commit it as the intent and the performance of an overt act towards its commission; and, where a crime has been actually committed, the second element or ingredient of an attempt is necessarily lacking, and a prosecution or conviction for an attempt to commit a crime could not be sustained for this reason.'

"A similar doctrine was also enunciated in Brazier v. State, 25 Ala.App. 422, 147 So. 688, and Hill v. State, 27 Ala.App. 160, 167. So. 606.

"We have found no decision by our Supreme Court on this point, though in Kelly v. State, 235 Ala. 5, 176 So. 807, it was held that while an attempt to commit a crime is impliedly included in an indictment charging the crime, though it makes no reference to an attempt, it is proper to refuse a charge as to an attempt when the evidence did not support such an offense.

\* \* \* \* \* \*

"A defendant is entitled to be tried upon the issues made by the evidence. When under the evidence presented only a verdict of guilty, or a verdict of not guilty, is rationally supported, it cannot be said, with confidence, that a verdict reflecting a misleading instruction to the jury that they may return a verdict of guilty of a lesser offense which is unsupported by the evidence, is harmless. Such an assertion overlooks the practical court room fact, well recognized by those familiar with jury trials, that juries are sometimes prone to compromise. Where some of the members might, under the evidence presented, hesitate or refuse to render a verdict of guilty of the

serious offense charged, with its accompanying heavy penalty, such hesitation may be dissipated and overcome if instructions be given by the trial court inviting a verdict of guilty of a lesser offense carrying with it a lighter penalty.

"Clearly in such a case an accused is prejudiced for his conviction results from a compromise, and is not a true verdict rendered on the evidence presented.

\*   \*   \*   \*   \*   \*

"The verdict in this case, a part of the record, is, under the doctrine established by the decisions of this court cited above, unsupported by the evidence presented. The cause must therefore be reversed." DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130.

We note that the trial judge instructed the jury, in part, as follows:

"The Court charges you that this indictment here for robbery also embraces the offense of assault with intent to rob, and the offense of assault and battery. And if you are not convinced beyond all reasonable doubt that the defendant in this case did actually rob or take any property of value from the person of Julia Kelley, by violence or force, or by putting her in such fear as unwillingly to cause her to part with the same, but you are convinced from the evidence that he attempted to so take her money by force or violence, or by putting her in such fear and did not succeed in obtaining any property of value, then, gentlemen, that would be for you to determine and reduce the charge to assault with an intent to rob. \*   \*   \*"

The defendant duly reserved an exception to this portion of the oral charge.

 We are aware that a jury may believe part of the evidence of a witness and reject part. Southern Ry. Co. v. Gantt, 210 Ala. 383, 98 So. 192. However, all of the evidence of the prosecuting witness is to the effect that the defendant took seventy-five cents from her purse by force, etc. At no time does she testify that the defendant attempted to rob her but failed.

As pointed out above, the essential elements of the crime of attempting to commit a robbery include the frustration of an overt attempt to rob. Therefore, the judgment of conviction is reversed, and a judgment is here rendered discharging the appellant from further custody in this proceeding.

Reversed and rendered.