196 So.2d 727

**Willie Gerald WALKER**

v.

**STATE.**

**1 Div. 204.**

Court of Appeals of Alabama.

Feb. 21, 1967.

Robt. F. Ware, Jr., Millry, and J. Massey Edgar, Butler, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Washington County on October 3, 1966, for the offense of grand larceny. He was found guilty as charged and sentenced to a term of two years in the State penitentiary as punishment therefor. The sentence was suspended pending this appeal.

The evidence reveals that on the afternoon of January 16, 1966, appellant was found by Curtis Johnson, a sixteen year old boy, lying on the ground near an Alabama Power Company transmission pole in Washingson County, Alabama, near the "old Sawyer house." He was wearing one climbing iron, or hook, the other was about

five yards away near a pair of gloves and a pair of long wire cutters. The appellant stated that he had fallen from the pole.

Chief Deputy Sheriff Reid Singleton arrived at the scene shortly after the appellant was discovered and he testified that when he got there the poles in the vicinity showed evidence of having been recently climbed and the wires were cut from the poles and from the Sawyer house. These wires had been rolled up in a roll about twenty inches in diameter and hidden under a tree nearby on the side of the public road.

Assistant Manager of Claims for the Alabama Power Company, John Allen, testified also that the service wires had been recently cut and were "bright and shiny". He further stated that the roll cut from the house was insulated but the one cut from the pole was not, and that he estimated the value of the cut wire to be $42.50. The wire had been completely severed from the house and from the pole and much of it was still draped over the poles with the ends trailing on the ground. He testified that both the poles and the house had been recently climbed and that it was the first time in his life he had "ever found a house climbed with climbers."

Appellant explained his presence in the following manner:

"I went out there to get some exercise. I had been a lineman before I went in the service and I asked Alabama Power Company about a job as a contracting foreman for Alabama Power Company, and he said if I had the experience he would hire me, and I told him I had the experience and I wanted to make sure that I could still do it, and that is when I started up the pole and that was the last thing I remember."

Appellant explained his possession of the bolt or wire cutters as follows:

"A. All I could say that I had the bolt cutters for another purpose all the way around. They wasn't for cutting up wire whatsoever. There was a place I wanted to go hunting and I wasn't allowed in there to hunt because it was posted and it was locked, and that is why I had the bolt cutters.

"Q. So you had bolt cutters there to cut somebody's wire and go on their place and trespass?

"A. Yes, sir.

"MR. WARE: That is not material. I object."

On cross-examination appellant stated that he was knocked off the pole by a high voltage line, but denied that he had the bolt cutters up the pole with him or that his gloves which were found on the ground were up the pole with him. He denied that he climbed the house but admitted having possession of the climbing spurs, gloves and bolt or wire cutters.

Appellant's first contention is that the State failed to prove that the wire was taken and carried away but contends that the Alabama Power Company wire was damaged, moved or rolled up but never taken and carried away.

■■■ The record reflects evidence sufficient to create a question for the jury as to whether or not appellant cut the wire, coiled it into a roll and hid it in some grass under a nearby tree. He stated that the bolt or wire cutters were for the purpose of cutting a posted wire fence for hunting purposes but apparently the jury did not believe that this was the case. To prove larceny, it is only necessary to show an actual possession of the goods by accused and a severance of the possession of the owner, no matter how short the length of the time of possession may be. Molton v. State, 105 Ala. 18, 16 So. 795; Phelps v. State, 6 Ala.App. 58, 60 So. 537.

■■■ The indictment clearly puts appellant on notice that the State is going to prove that he cut and asported electric wire from the Alabama Power Company. Appellant was free on bond and had more

**584**

than sufficient time to bring in evidence that the wire was cut prior to the date in question, as he contends, if there had been any evidence to substantiate this contention.

We find no error in the record in this cause and the same is due to be and is hereby

Affirmed.