330 So.2d 446

**Dennis Roy GOLSTON**

v.

**STATE.**

**6 Div. 907.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1975.

Rehearing Denied Dec. 16, 1975.

Gordon L. Ladner, Bessemer, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of robbery and sentenced to imprisonment in the penitentiary for thirty years.

The scene of the occurrence was in the store of Mulkin Auto Parts in Hueytown. Defendant was charged with robbing Charles Looney, an employee of Mulkin Auto Parts, in charge of the store at the time of the alleged robbery. Witnesses for the State were Charles Looney; Robert Shelton, a young stock clerk of the store; George Powell, a young customer in the store at the time, and two police officers, H. G. Riley and Frank M. Love, who went to the scene on call. Defendant was his only witness.

Some variations are to be found in the testimony of the witnesses, but for a better understanding of a resolution of most of the problems presented on this appeal, we set forth in the next paragraph a summary of pertinent undisputed evidence.

Defendant entered the store waving a revolver and wearing a hard hat and ski mask. Thus equipped he asked for "the money." Mr. Looney "got all the money out of the drawer, put it in a sack and handed it to him." The amount was one thousand ninety-four dollars and eighty-nine cents. Mr. Looney handed the sack over the counter to defendant. Defendant received the sack of money and in handling it the "money sack broke open and the money fell on the floor." Defendant directed Mr. Looney and others to pick up the money, which they did. About that time one of the policemen drove up in front of the store. Defendant then started

toward the door with the money. Defendant's pistol was fired. Officer Riley was armed with a pistol; he saw defendant with his pistol but Officer Riley did not have a chance to fire at him. Officer Love was armed with a shotgun loaded with buck shot. He shot defendant, who was dropped to the floor and was afterwards carried out on a stretcher.

Part of the testimony of defendant was as follows:"

"Q You admit going there August 27th, taking a pistol, covering your face, putting a hat on, going in and telling the man 'give me your money'?

"A Yes, sir.

"Q And he gave you the money, didn't he?

"A Yes, sir.

"Q And put it in a sack and you started to leave. Is that right?

"A Yes, sir.

"Q And what kept you from leaving?

"A Saw police officers outside."

Defendant further said:

"Q And you used this pistol to take the money from Mr. Looney?

"A Yes, sir, I did."

The defendant also said:

"Q (By Mr. Reynolds) You told this jury, I believe, that the sack that Mr. Looney had put the money in broke and the money was on the floor?

"A Sir, sir.

"Q And you told them you asked him to put the—pick the money up. Do you recall what your exact words were?

"A Pick it up, put it in the bag.

"Q Pistol pointed at them?

"A No, I had the pistol down like that. Said 'Pick it up, put it in the bag.'

"Q You still had the pistol, didn't you?

"A I had it in my hand.

"Q Was it cocked?

"A No, it wasn't cocked."

There was evidence by State's witnesses to the effect that defendant moved through a front door and returned into the store, but defendant denied that he ever left the store. He testified, however, that when he came to the front of the store he had the money with him at the time. There was testimony that two shots were fired by defendant's pistol, but defendant said that only one shot was fired and that it was fired when he stumbled and fell. Testimony of the State was to the effect that defendant was using one or more of the persons in the store as hostages after the police arrived, but defendant denied this. Four shots were fired by Officer Love.

Appellant's principal contention is that the court erred in refusing to charge the jury as to lesser included offenses of the crime of robbery. Written charges requesting that the court charge generally as to lesser included offenses and specifically as to the crime of larceny and "the crime of attempted robbery" were refused.

Appellant relies upon Code of Alabama 1940, Title 15, Section 323, which provides:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor." [1]

1. Conviction of an attempt under an indictment charging "any offense" is also authorized by Code of Alabama 1940, T. 14, § 42.

An indictment for robbery includes the lesser offenses of larceny, assault, assault and battery and an attempt to rob, and if the evidence, according to any "reasonable theory," presents a controversy whether the particular conduct constitutes robbery on the one hand or one or more of the lesser included offenses on the other, defendant is entitled to have the court charge on such lesser included offense or offenses. *Kelly v. State*, 235 Ala. 5, 176 So. 807 (1937). To the same effect is *Stovall v. State*, 34 Ala.App. 610, 42 So.2d 636 (1949), wherein it is stated:

"A defendant who is accused of the greater offense is entitled to have the court charge on the lesser offenses included in the indictment if there is any reasonable theory from the evidence which would support the position."

The question presented may be otherwise stated as whether according to the evidence it can within reason be said that defendant was guilty of one or more of the mentioned lesser included offenses without being guilty of robbery.

There is no statutory definition of robbery in Alabama, but the common law definition thereof has prevailed throughout the years, which is that robbery is the felonious taking of money or goods of value from the person of another or in his presence by violence or by putting him in fear. *Johnson v. State*, 52 Ala.App. 277, 291 So.2d 369; *Clay v. State*, 52 Ala.App. 272, 291 So.2d 364, cert. denied 292 Ala. 716, 293 So.2d 828; *Staggs v. State*, 51 Ala.App. 203, 283 So.2d 652.

Essential elements of robbery are felonious intent, force, or putting in fear as the means of effecting the intent, and by that means, taking and carrying away the property of another from his person or in his presence. *Floyd v. State*, 52 Ala. App. 291, 291 So.2d 382; *Tarver v. State*, 53 Ala.App. 661, 303 So.2d 161.

In support of his contention that the evidence in this case would justify a conviction of "attempted robbery," appellant relies partly upon *White v. State*, 24 Ala.App. 575, 139 So. 113 (1932) wherein defendant came into a bank with a gun in his hand, told the cashier to "stick 'em up" and walked over and put the money in his pocket and made the bank employee get into the vault until the defendant left with the money. The question here is not whether defendant was guilty of an attempt to rob. A robbery cannot be committed without some effort, some attempt to rob on the part of the robber; in any robbery there is an attempt to rob. The question here is whether defendant could have been guilty under the evidence of merely an attempt to rob as distinguished from robbery. In *White,* the indictment charged an assault with intent to rob. It did not charge robbery. The court did not hold that he could have been legally convicted of an assault with intent to rob under an indictment charging robbery. That a grand jury may elect to charge the lesser of two crimes, one includible within the other, does not prevent a conviction even though the evidence shows that the greater crime has been committed. There is language in many of the authorities that an attempt to commit a crime is an ineffective or unsuccessful effort to commit the crime, but it is clear that under consideration at the time was whether the particular conduct amounted to a *mere* attempt as distinguished from an element of a completed offense. Whether person should have been charged with the greater crime is no responsibility of the trial jury, but it is the duty of a trial jury, under the direction of the court, to determine the issues as to the express charge and not to render a verdict on an impliedly included charge, unless there is a reasonable doubt as to guilt of the express charge. To permit the jury to do so is to promote compromise as to the truth, which is beyond its rightful province, with the result of a compromise on the extent of punishment, which is of-

ten within its province. It furnishes the basis for the opinion in such cases as *Cochran v. State*, 42 Ala.App. 144, 155 So. 2d 530 (1963) and *Broadhead v. State*, 24 Ala.App. 576, 139 So. 115 (1932), in which the indictments were for robbery and in which it was held that convictions for attempt to rob were erroneous and subject to reversal and rendition if and when the evidence showed an actual robbery, as expressly charged, as distinguished from a mere attempt to rob, as impliedly included. The difference is vivified by consideration of the fact that the opinion in *Broadhead v. State, supra,* was delivered the same day, January 12, 1932, as the opinion in *White v. State, supra.*

*Mitchell v. State*, 31 Ala.App. 470, 18 So.2d 696 (1944), in which the indictment was for robbery, is more nearly in point. A conviction was allowed to stand for assault with intent to rob even though the recitation of the evidence to some extent at least indicates that there was a robbery. Even so, the case is to be distinguished from this in that in *Mitchell* the opinion does not purport to include a recitation or summary of all the evidence on the particular point and further no question was raised whether there was a robbery on the one hand as distinguished from an attempt to rob on the other, but the position taken by the appellant was that the evidence indicated larceny instead of robbery.

■ Defendant's plea was not guilty, but the evidence was overwhelming to the effect that he was guilty, and there was no definite evidence to the contrary. From his testimony, the conclusion seems inescapable that he was either (1) striving for a verdict of not guilty on the ground of some sympathy for him or (2) hoping for as light punishment as possible on account of sympathy for him or possibly (3) aiming for a verdict of guilt of a lesser included offense and resultant lighter punishment. If he had obtained the first, it would have been contrary to the law and the evidence, but the State would have had no relief. If (2), he was doubtless disap-

pointed in the verdict, punishment being fixed at thirty years instead of the minimum of ten years, but, punishment being for the jury according to the statute, neither side can justly complain of the punishment. If he was striving for (3), the evidence fails to furnish a basis, we think, for the result sought.

■ Appellant argues that as to the lesser included offense of larceny it would have been reasonable for the trier of facts to find that defendant stole the money but that he did not rob Mr. Looney of the money. He argues that according to some of the evidence a jury could have logically found that he did not have the felonious intent to rob. It also requires a felonious intent to be guilty of grand larceny. The appellant also argues that a jury could have reasonably found that Mr. Looney was not caused to part with the money by reason of violence or fear. We think the evidence conclusively shows that he did part with the money by reason of fear, as that term is to be understood in connection with the subject of robbery. The word "fear" as here employed is not to be considered as an antonym of courage or fortitude. As stated in 6 Am.Jur.2d, *Robbery*, § 22:

> "No matter how slight the cause creating the fear may be or by what other circumstance the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and for the sake of his person, the victim is put in fear. Moreover, actual fear need not be strictly and precisely proved, since the law will presume fear if fear is to be just ground for it. And the mere fact that the victim complied with the assailant's demands is itself indicative of fear. But the putting in fear must be sustained by evidence of acts or conduct or words or circumstances reasonably calculated to effect that result."

No reasonable conclusion can be reached other than that Mr. Looney was caused by

the conduct of defendant, a masked and armed man, to have reasonable apprehension that force would be used against him if he did not comply with the request of defendant to deliver to him the money. *Brown v. State*, 48 Ala.App. 456, 265 So.2d 898.

In arguing that there could have been a valid conviction of an attempt to commit robbery, appellant stresses the circumstance of defenant's not leaving the store with the money and of his being brought down by slugs from a shotgun before he could do so. The essential elements of the crime of robbery are to be found even though defendant did not succeed in permanently or indefinitely converting the money to his own use, as was held in *Cochran v. State,* supra, and *Broadhead v. State,* supra.

To consummate a robbery the money or goods of value do not have to be removed to a place of safe and certain possession by defendant. He succeeded in robbing Mr. Looney, even though he did not succeed in evading capture and using the money. Asportation is necessary in robbery, as it is in larceny, but the asportation does not have to be for any extended distance.

"The crime of robbery is complete as soon as the robber unlawfully and by means of force or fear gains possession of the movable property of another in the presence of its lawful custodial and reduces it to his manual possession. Robbery is committed when a thief puts a man in fear, and then in his presence drivers away his cattle, or takes his goods, or intimidates the owner into opening his desk or safe, from which the defendant then takes the papers . . . ." Wharton's *Criminal Law and Procedure* § 553 (12th ed.)

Appellant also insists that the court erred in refusing defendant's requested written charge that if the jury believed from the evidence that "Defendant was of such a state of mind that he could not form the intent to commit robbery, then" the jury "must return a verdict of not guilty." It is argued that there was some evidence that defendant was intoxicated and that such evidence entitled defendant to the charge. The requested charge is inconsistent with the main contention of appellant asa hereinabove discussed to the effect that the evidence established guilt of a lesser offense than robbery, but inconsistency is permissible and in and of itself does not invalidate either contention. Under no circumstance would intoxication warrant a "not guilty" verdict. *Brown v. State*, 39 Ala.App. 149, 96 So.2d 197. In view of the contention previously considered, it should be noted also that any evidence as to intoxication consists of nothing but defendant's answer to a question propounded to him by his attorney as to what his general state of physical well being was at the particular time, which answer was:

"Well, I was depressed, for one thing, and highly intoxicated for another."

Immediately after making that statement he was asked by his counsel:

"You are not saying, though, that you were so intoxicated that you didn't know what you were doing, didn't really know what you were doing, are you? That's not your defense is it?"

to which his answer was:

"No."

Much has been said on the subject of voluntary drunkenness as a defense in criminal cases, but there has been no departure from the rule announced in *Walker v. State*, 91 Ala. 76, 9 So. 87 (1890) and recently quoted in *Beasley v. State*, 53 Ala.App. 488, 491, 301 So.2d 252, as follows:

"Mere drunkenness, voluntarily produced, is never a defense against a criminal charge, and can never palliate or reduce the grade of an offense, unless it is so extreme as to render impossible some specific mental condition which is an essential element of the criminal act."

In *Walker* the court justified the refusal of requested charges on the subject of

drunkenness, by reason of the principle quoted. There was no evidence tending to show such extreme intoxication as to render defendant incapable of having the felonious intent that is an essential element of the crime of robbery. The trial court properly refused the requested instruction

We have considered the entire record as provided by Title 15, Section 389, Code of Alabama 1940 and conclude that there is no prejudicial error therein and that the judgment of the trial court should be affirmed.

Perhaps it should be said that there was a prior conviction of this defendant of the crime of robbery. Evidence thereof was presented by defendant himself, that is, on interrogation of defendant by defendant's counsel. We doubt not that this was good trial strategy on the part of defendant's counsel, for the reason that defendant's guilt was so conclusively established by the State's evidence there was nothing to be gained by defendant's not taking the stand, which of itself would have entitled the State to have shown his previous conviction on cross-examination. By bringing it out on direct examination, defendant was not making his case worse than it would have been otherwise, and it probably placed him in a more favorable position for the invocation of sympathy for him when the fact of his prior conviction and penitentiary confinement was considered along with other evidence of adversity. What effect it had upon the jury we do not attempt to assay, but it is clear that the jury could have given him twenty years less than they did or twenty years, or more, more than they did, which would have been entirely within their province.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.