The defendant was indicted and convicted for the robbery of Willie L. Boswell. Sentence was fifty years' imprisonment. *Page 367 
 I
The testimony of the victim presented clear and unequivocal evidence of each of the three elements of the crime of robbery.Baker v. State, 344 So.2d 547, 549 (Ala.Cr.App. 1977). His testimony alone was sufficient to authorize the submission of the issue of the defendant's guilt or innocence to the jury. If believed, his testimony would support a conviction for robbery.Arnold v. State, 348 So.2d 1092, 1097 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977).
 II
Under the evidence the defendant was guilty of robbery or he was innocent; either the jury believed the victim's testimony or they accepted the defendant's alibi defense. Consequently, the trial judge properly refused to give the defendant's requested charges on assault and battery, attempted robbery and grand larceny, as the evidence did not warrant a finding of guilt as to any lesser included or related offense. Hendersonv. State, 373 So.2d 1218, 1221 (Ala.Cr.App.), cert. denied,373 So.2d 1221 (Ala. 1979); Golston v. State, 57 Ala. App. 623, 627,330 So.2d 446 (1975).
 III
Following the robbery, Mr. Boswell identified the defendant at the police station. The trial judge found and we agree that the evidence does not support the defendant's motion to exclude Mr. Boswell's in-court identification. The showup identification procedure was not unduly suggestive, Brazell v.State, 369 So.2d 25, 29 (Ala.Cr.App. 1978), and did not present a substantial likelihood of misidentification. Griffin v.State, 356 So.2d 723, 724 (Ala.Cr.App.), cert. denied,356 So.2d 728 (Ala. 1978); Jackson v. State, 361 So.2d 1152, 1156
(Ala.Cr.App. 1977). The evidence shows that Mr. Boswell identified the defendant when he "walked in the door" at the police station and that the police did not suggest any identification. The uncontradicted evidence is that Mr. Boswell "knew him before I walked in the door. They didn't have to tell me." "We know of no presumption of suggestiveness, and hence prima facie inadmissibility, which attaches to a pretrial pre-indictment identification procedure." Henderson, 373 So.2d at 1221.
 IV
The defendant contends that his right to appeal was "thwarted by inaction on the part of the court reporter". The record shows that this Court, pursuant to Rule 11 of the Alabama Rules of Appellate Procedure, granted three extensions of time for the filing of the court reporter's transcript. The question raised by the defendant was fully considered in Carter v.State, 356 So.2d 682, 688 (Ala.Cr.App.), cert. denied,356 So.2d 689 (Ala. 1978), wherein it was held that a criminal defendant was not effectively denied procedural due process in perfecting his appeal from his conviction merely by virtue of the fact that the trial court had granted twelve extensions of time to the court reporter for preparing the trial transcript. Those same principles apply in this case and we find the defendant's argument to be without merit.
 V
The screwdriver used by the defendant was properly admitted into evidence over defense counsel's objections that the State had failed to prove a proper chain of custody. Williford v.State, 365 So.2d 1257, 1258 (Ala.Cr.App.), cert. denied,365 So.2d 1258 (Ala. 1979); Thomas v. State, 356 So.2d 210, 212
(Ala.Cr.App.), cert. quashed, 356 So.2d 214 (Ala. 1977). The screwdriver was not linked to the defendant by scientific analysis (i.e., fingerprints) in an inculpatory fashion. Under such circumstances,
 "the practicalities of proof may not require a party offering certain evidence to negative the remotest possibility of substitution or alteration; all that need be established is a reasonable certainty that there has been no substitution, alteration, or tampering with the specimen." A. Moenssens F. Inbau, Scientific Evidence in Criminal Cases, at 58 (1978). *Page 368 
 VI
On rebuttal the State attempted to elicit testimony about a statement the defendant made to a police officer after his arrest. The trial judge sustained the defendant's objections and would not allow the State to pursue the matter. The defendant now contends that it was error for the court to fail to instruct the jury to disregard any references to the statement.
While defense counsel did move to strike "anything about that" the trial judge never ruled on that particular motion. From the record it appears that the judge merely failed to rule and did not refuse. No ruling was sought on this particular motion, and the court granted the defendant's specific objection that the statement was not proper rebuttal. The defendant did not request any instructions be given the jury on this matter.
Under these circumstances, the defendant has no adverse ruling from which to appeal. Van Antwerp v. State,358 So.2d 782, 790 (Ala.Cr.App.), cert. denied, Ex parte Van Antwerp,358 So.2d 791 (Ala. 1978). This case does not fall within the exception stated in Small v. State, 348 So.2d 507 (Ala. 1977).
We have searched the record as required by law for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.