LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted of robbing Jack Reep and was sentenced to imprisonment for forty years.
According to the testimony of Jack Reep, he was employed at North Court Street Grocery and while he was working on the evening shift, January 13, 1979, defendant entered the store and inquired whether *364 there was a pair of scissors in stock. Reep directed defendant to the scissors, defendant went toward the scissors, returned to the counter, stuck the scissors in Reep’s side and stated, “This is a robbery, give me the money.” Reep’s testimony continued in part as follows:
“I said, ‘Yes, sir,’ and he shoved me on back behind the counter in the corner with the scissors, and I just could get in the cash drawer to get the money out.
“Q. How did you manage to do that?
“A. Well, I couldn’t hardly reach the register where the money was.
“Q. Why was that?
“A. Well, he had me pretty tight with those scissors, and he said, ‘give me all the money.’ I said, ‘All right.’ and I kept trying to get the money out of the drawer and finally I got the money out of the drawer and put it in his hand, and I tried to keep my eye on him because I was scared of those scissors, and I put the money in his hands, and I don’t know why he looked off or looked down, or what, but I happened to knock the scissors out of his hand or money out of his hand and put my gun on him.
“Q. The gun? Where did you have your gun?
“A. I had it in my left pocket.”
Further testimony of the witness and the evidence as a whole show without dispute that the amount of money involved was $71.00 in currency, as charged in the indictment; all of it and the scissors fell or were knocked from the hand of defendant to the floor; Reep, by actual force or by means of his gun, put defendant on the floor and about the same time pressed an alarm buzzer. Defendant was held to the floor until someone called the police by phone, and they promptly arrived and arrested him.
In its oral charge, the court fully instructed the jury as to the offense of robbery, the offense of assault with intent to rob, and the offense of attempt to rob (Attempted robbery). Upon further consideration, however, the court withdrew its instruction to the jury as to an attempt to rob (attempted robbery), limited the jury to a consideration of whether defendant was guilty of robbery and a consideration of whether he was guilty of an assault with intent to rob, and to three forms of verdict, (1) guilty of robbery, (2) guilty of an assault with intent to rob, and (3) not guilty, and refused a written charge requested by defendant that would have permitted a verdict of guilt of an attempt to rob.
According to the evidence as stated and indicated, there was either a robbery or an assault with intent to rob. The undisputed evidence shows that force was used by defendant that caused the victim to put the money in defendant’s hand, that an assault was committed upon the victim, that defendant clearly had the intent to rob, and that there is no basis for the application of the lesser included offense principle to the offense of an attempt to rob. Only when there is evidence sufficient to show that a particular lesser included offense only has been committed, is there any occasion for an instruction as to such lesser included offense. As stated in Golston v. State, 57 Ala.App. 623, 330 So.2d 446, 450 (1975):
“. . . The question here is not whether defendant was guilty of an attempt to rob. A robbery cannot be committed without some effort, some attempt to rob on the part of the robber; in any robbery there is an attempt to rob. The question here is whether defendant could have been guilty under the evidence of merely an attempt to rob as distinguished from robbery. . . . ”
The court was not in error in refusing defendant’s requested charge as to an attempt to rob or attempted robbery.
A more difficult question is presented as to whether defendant should have been convicted of robbery on the one hand, or an assault with intent to rob on the other. This turns on whether the evidence was sufficient to warrant a conclusion that there was an asportation of the money. The facts are similar to the facts in Golston v. State, supra, but more favorable to appellant herein than to the appellant therein on the question. In Golston, we said:
*365 “. . . Asportation is necessary in robbery, as it is in larceny, but the aspor-tation does not have to be for any extended distance.
“ ‘The crime of robbery is complete as soon as the robber unlawfully and by means of force or fear gains possession of the movable property of another in the presence of its lawful custodial [n instead of 1] and reduces it to his manual possession. Robbery is committed when a thief puts a man in fear, and then in his presence drives away his cattle, or takes his goods, or intimidates the owner into opening his desk or safe, from which the defendant then takes the papers. . .’ Wharton’s Criminal Law and Procedure, § 553 (12th Ed.)”
Some light is shed upon exactly what occurred during the few moments of the encounter between defendant and the victim by photographs introduced in evidence of the scene, including the cash register and the money, and by demonstration of bodily movement in the presence of the jury. The court thoroughly and accurately instructed the jury on the difference between a robbery and an assault with intent to rob. The record does not convince us that the evidence was insufficient to support the verdict that defendant was guilty of robbery. Golston v. State, supra; Webb v. State, 55 Ala.App. 195, 314 So.2d 114 (1975), cert. denied, 294 Ala. 774, 314 So.2d 116; Walker v. State, 43 Ala.App. 582, 196 So.2d 727 (1967), cert. denied, 280 Ala. 719, 196 So.2d 729.
A written statement was obtained from defendant that set forth substantially what Jack Reep had testified. Although there was some evidence that he was intoxicated at the time he made the statement, the evidence is not sufficient upon which to base a conclusion that his intoxication amounted to mania in which he was unconscious of the meaning of his words. By that criterion the extent of his intoxication is to be judged for the present purpose. Edwards v. State, 56 Ala.App. 405, 321 So.2d 744 (1975); Patterson v. State, 56 Ala.App. 359, 321 So.2d 698 (1975). In that respect, as well as in all other respects, as to which no special contention is made, the preliminary proof met the test of voluntariness, and after the Miranda warnings were given, which clearly they were, the statement was admissible in evidence.
Appellant asserts another ground for the objection made on the trial to the admission in evidence of the incriminating statement. He contends that the statement should not have been admitted for the reason that it contained two references by defendant to previous criminal conduct. This objectionable feature of the statement does not furnish a valid ground for the rejection of the statement in its entirety. Furthermore, we are of the opinion that such references did not injure defendant. In the statement, defendant attempted to excuse or extenuate his conduct by claiming that he was acting under duress of persons named by him and that his previous criminal conduct made him less resistant to such duress.
As there is no error in the record prejudicial to defendant, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.