TORBERT, Chief Justice.
The defendant respondent in this case was indicted for “unlawfully attempting to take and carry away a pair of men’s photo-gray sunglasses of the approximate value of $25, the personal property of C. J. Gayfer Co., Inc., a corporation, against the peace and dignity of the State of Alabama.” The defendant Willie Richardson was convicted and sentenced to 60 days in jail. The Court of Criminal Appeals reversed and rendered that case, holding that “if the defendant was guilty of any offense according to the State’s evidence, it was larceny and not an attempt to commit larceny as charged in the indictment. He either committed the act or never undertook an overt act as he testified.” The essential facts, which appear more fully in the opinion of the Court of Criminal Appeals, were presented by a security guard, James Smith, who is employed by Gayfer. He testified that he observed the defendant on May 6, 1978, looking at some sunglasses. The security guard further testified that the defendant picked up a pair of sunglasses, concealed them with a folded bag and asported them to a different department of the Gayfer store. The defendant, according to security guard Smith, hid the sunglasses in the infant’s department and then went to the men’s restroom and upon leaving the restroom he was apprehended by the security guards.
We granted certiorari in this case to resolve apparent conflicts among the decisions of the Court of Criminal Appeals in regard to the following issue: Where a defendant is indicted for the crime of attempt to commit larceny and the proof shows that either defendant is guilty of larceny or he is guilty of nothing at all, should a conviction for attempt to commit larceny be affirmed.
The opinions of the Court of Criminal Appeals and its predecessor, the Court of Appeals,, are in conflict on this issue. In the case of Broadhead v. State, 24 Ala.App. 576, 139 So. 115 (1932), the Court of Appeals of Alabama held:
[A] failure to consummate the crime is as much an element of an attempt to *5 commit it as the intent and the performance of an overt act towards its commission; and, where a crime has been actually committed, the second element or ingredient of an attempt is necessarily lacking, and a prosecution or conviction for an attempt to commit a crime cannot be sustained for this reason.
Broadhead v. State, 24 Ala.App. at 578, 139 So. at 117. In Cochran v. State, 42 Ala.App. 144. 155 So.2d 530 (1963), the Court of Appeals of Alabama held, “[T]he essential elements of the crime of attempting to commit a robbery include the frustration of an overt attempt to rob.” 42 Ala.App. at 147, 155 So.2d at 532. In Cochran, the Court of Appeals held that evidence that defendant had actually perpetrated a robbery would not permit his conviction for assault with attempt to rob.
The opinion of the Court of Criminal Appeals in Golston v. State, 57 Ala.App. 623, 330 So.2d 446 (1975), appears to be in conflict with the above opinions of the Court of Appeals. In Golston, the Court of Criminal Appeals wrote:
A robbery cannot be committed without some effort, some attempt to rob on the part of the robber; in any robbery there is an attempt to rob. The question here is whether the defendant could have been guilty under the evidence of merely an attempt to rob as distinguished from robbery? In White, the indictment charged an assault with intent to rob. It did not charge robbery. The court did not hold that he could have been legally convicted of an assault with intent to rob under an indictment charging robbery. That a grand jury may elect to charge the lesser of two crimes, one includible within the other, does not prevent a conviction even though the evidence shows that the greater crime has been committed. There is language in many of the authorities that an attempt to commit a crime is an ineffective or unsuccessful effort to commit the crime, but it is clear that under consideration at the time was whether the particular conduct amounted to a mere attempt as distinguished from an element of a completed offense.
Golston v. State, 57 Ala.App. at 627, 330 So.2d at 450. See also, White v. State, 24 Ala.App. 575, 139 So. 113 (1932); Mitchell v. State, 31 Ala.App. 470, 18 So.2d 696 (1944).
Under the traditional rule adopted by a majority of the courts, one cannot be convicted of attempted larceny where the evidence shows that the attempt was successful and the substantive offense of larceny was committed.
It is generally held that the essentials of the crime of attempting to steal are: (1) An intent to commit larceny. (2) The doing of some overt act or acts which would, in the usual and natural course of events, if unhindered by extraneous causes, result in the commission of a larceny. (3) A failure to consummate the larceny. This third element is as important as either of the others, for if the attempt is successful, the crime of larceny is complete, and there can be no conviction of the attempt to commit it.
52A C.J.S. Larceny § 67 (1968).
Under the decisions of those courts following the traditional rule, “A failure to consummate the larceny is as much an essential element of an attempt as the intent and the performance of an overt act toward its commission.” 50 Am.Jur.2d Larceny § 56 (1970). The modern trend among courts is to hold that a defendant may be convicted on a charge of attempt even if it is shown that the crime was completed. This modern view is based upon compelling reasoning. The legislature has enacted a statute giving juries the discretion to punish attempts as well as completed offenses for the purpose of deterrence. See, Code 1975, § 13-9-3. If a defendant can obtain a reversal of his conviction for attempt based upon the fact that his attempt was successful and amounted to the completed offense, then the policy of deterrence is not served.
Although the crime of attempt is sometimes defined as if failure were an essential element, the modern view is that a defendant may be convicted on a charge of attempt even if it is shown that the crime was completed. Taking into *6 account the rationale of attempt, a person who attempts a crime should be amenable to the same punishment as a person who completed the crime, subject to the qualification that extreme sanctions intended only for general deterrence should not be permitted.
W. LaFave & A. Scott Criminal Law § 60 (1972).
In the case of State v. Heymann, 256 La. 18, 235 So.2d 78 (1970), the Louisiana Supreme Court held an attempted theft conviction may be sustained though the theft attempted was actually committed. See also, People v. Carr, 16 Ill.App.3d 76, 305 N.E.2d 554 (1973); State v. Burks, 29 Utah 2d 378, 510 P.2d 532 (1973);[1] but see, People v. Thomas, 38 Mich.App. 777, 197 N.W.2d 97 (1972).
We hold that a defendant indicted and convicted for the crime of attempt to commit larceny is not entitled to a reversal of his conviction because the evidence at trial shows that his attempt was completed or amounted to perpetration of larceny. We recognize that our holding is a departure from the traditional rule; however, we do not believe that a rule contrary to reason, logic and public policy considerations should be followed solely because others have followed it. We do not believe the legislative policy behind the attempt statute, Code 1975, § 13-9-3, would be fostered by holding that a conviction for attempt must be reversed where the evidence shows the attempt was successfully completed.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON and EM-BRY, JJ., concur.
BEATTY, J., with whom FAULKNER and SHORES, JJ., concur, dissents.

. In State v. Burks, the Supreme Court of Utah recognized that the old common law rule that the defendant could not be convicted of the crime of attempt if in fact the crime had been completed, has been superseded by U.C.A. 1953 § 76-1-30, which specifically provided that a person may be convicted of an attempt although it appears on the trial that the crime intended or attempted was in fact completed by such person.