510 P.2d 532

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Elmer Lee BURKS, Defendant and Appellant.**

No. 13081.

Supreme Court of Utah.

May 25, 1973.

Bruce C. Lubeck, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant appeals from his conviction by a jury of the crime of attempted grand larceny. He was sentenced to an indeterminate term, as provided by law, in the Utah State Prison.

Defendant and his wife were browsing in Chester's Drawers, a retail clothing establishment in Salt Lake City. Another patron observed defendant take two leather coats from a rack, place them under his trench coat, and start to walk toward the door. The patron notified the saleslady, who intercepted defendant in the vicinity of the door and recaptured the merchandise with a vigorous tug. According to defendant, he removed the two coats from the rack and moved toward an area of the store where there was better light, when the saleslady jerked the goods from his hands. Defendant explained that he was blind in one eye, which created a shadowy effect on an item when he observed it. He was merely attempting to locate a better source of light, which was incidentally near the door, when his encounter with the clerk occurred. Defendant and wife immediately departed from the premises. Defendant's wife corroborated his version of the incident.

Defendant was charged with the crime of grand larceny, but upon defendant's request the jury received an instruction on attempted grand larceny, and both charges were submitted to the jury. The jury returned a verdict finding defendant guilty of the lesser offense.

On appeal, defendant contends that his conviction must be reversed because there was no evidence to support a conviction for attempted grand larceny. Defendant urges that he was either not guilty or guilty of grand larceny, depending on the witnesses whom the jury believed.

Defendant's argument on appeal is inconsistent with his motion to dismiss the grand larceny charge at the close of the evidence before the trial court. At that time, defendant urged that the evidence adduced by the prosecution would support only an attempted larceny charge.

Defendant contends that an essential element in a charge of an intent to commit a crime is the failure to consummate its commission. He reasons that if the prosecution's witnesses were believed, he committed grand larceny, which precluded the element of failure to consummate the crime. Thus his conviction may not be sustained.

In State v. Rowley,[1] this court observed that the old common law rule that a defendant could not be convicted of the crime of attempt, if in fact the crime had been com-

1. 15 Utah 2d 4, 6–7, 386 P.2d 126 (1963).

pleted, had been superseded by § 76–1–30, U.C.A.1953. This section specifically provides that a person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was perpetrated by such person in pursuance of such attempt.

The judgment of the trial court is affirmed.

HENRIOD, CROCKETT, ELLETT and TUCKETT, JJ., concur.