**STATE of Utah in the Interest of Richard SCHROEDER, a person under eighteen years of age.**

No. 16219.

Supreme Court of Utah.

July 16, 1979.

Utah Legal Services, Inc., Jane A. Marquardt, Ogden, for appellant.

Robert B. Hansen, Atty. Gen., Sharon Peacock, Asst. Atty. Gen., Salt Lake City, David L. Gladwell, Deputy Weber County Atty., Ogden, for respondent.

CROCKETT, Chief Justice:

Richard Schroeder appeals from an order of the juvenile court requiring him to make restitution for damages caused to five motor homes situated at Freeway Mazda in Riverdale, Weber County, which had been entered and damaged on the night of August 16, 1978.

Pursuant to an investigation of the damaging of the motor homes, appellant was charged with entry of one of the homes

with intent to commit a felony or theft therein. (Analogous to burglary if committed by an adult.) On September 20, 1978, in response to the charge, Richard acknowledged to the court the truthfulness of that charge and was recommitted to the State Youth Development Center.[1] It is significant to note that in its order the court directed that the matter of restitution be held open for determination in another hearing after further investigation.

Subsequent to such further investigation, on October 16, 1978, a second petition was filed charging that on the same date, August 16, 1978, Richard had similarly entered and damaged four additional motor homes at the Freeway Mazda. At the trial on these charges, Richard's counsel moved to dismiss the four charges based on Sec. 76–1–402(2)(b), U.C.A.1953, which states:

(2) Whenever conduct may establish separate offenses under a single criminal episode, unless the court otherwise orders to promote justice, a defendant shall not be subject to separate trials for multiple offenses when:

*    *    *    *    *    *

(b) The offenses are known to the prosecuting attorney at the time the defendant is arraigned on the first information or indictment.

Following argument by both counsel on this motion, including an admission by the county attorney that at the time he filed the first charge, he did have access to information that all five of the motor homes had been damaged, the trial court dismissed the four additional charges. Appellant then, and at all times since, has denied that he damaged the other four motor homes.

On December 12, 1978, a restitution hearing was held in accordance with the previous order of the juvenile court. At that hearing, evidence was offered that the total damage to the five motor homes amounted to $607. As a result thereof the court entered an order that appellant pay that amount as the damages to all five motor homes stating, "the damage sustained was the result of the same criminal episode, therefore, the court finds that the payment of restitution for all damage can be required to be paid."

■ It is clear beyond doubt that the juvenile court is authorized to make appropriate orders of restitution. Section 78–3a–39(7), U.C.A.1953 states:

The court may order that the child be required to repair or replace or to otherwise make restitution for damage or loss caused by his wrongful act, and may impose fines in limited amounts.[2]

But it is to be noted that the statute authorizes the court to order restitution only for damage caused by the offender's wrongful act, and that it does not cover damages which were not so proved.

■ We have no doubt but that the court's authority to order a delinquent juvenile to make restitution extends to any damages which it is shown by satisfactory evidence resulted from his wrongful conduct; and that this is so, even though it may technically be beyond the offense as specifically charged against him. But it would have to be something about which he was given an opportunity to respond and defend. It seems to us that it would be a distortion of justice, and of due process, for the court to simply assume that other damages caused in the area (in this instance the other four motor homes) were chargeable to wrongful conduct of this juvenile; and to impose that damage as a penalty where, as is the situation here, there was no evidence

1. Formerly known as the State Industrial School. See Sec. 64–6–1, U.C.A.1953. The appellant was on a home visit from the Development Center the night the incident occurred. He was returned to the state school upon his detention for that charge and left the grounds that same night (August 16, 1978), but returned voluntary on September 4, 1978.

2. By way of analogy the adult criminal code in Sec. 77–35–17, U.C.A.1953, states that a defendant, as a condition of probation: " . . . may be required to make restitution or reparation to the aggrieved party or parties for the actual damages or losses caused by the offense to which the defendant has pleaded guilty or for which conviction was had . . ."

offered, and no admission of guilt on his part, upon which to place upon him the responsibility for that damage.

■ Appellant's second contention is that when he was committed to the State Youth Development Center, prior to his restitution hearing, the juvenile court lost jurisdiction over him and that the subsequent hearing on restitution and the resulting order were therefore invalid. The pertinent statute is Sec. 78–3a–40, U.C.A.1953:

> The continuing jurisdiction of the court shall terminate (1) upon order of the court, (2) upon commitment to the state industrial school for an indeterminate period in excess of 90 days, and (3) upon commencement of proceedings in adult's cases under section 78–3a–19 . . ..

The difficulty with the appellant's position is that the court did not simply commit him to the state industrial school, but made the conditional order referred to above, in which it expressly retained jurisdiction to complete the proceedings in the interest of the juvenile for the purpose of determining the question of restitution and the amount thereof. In doing so it did not exceed its authority.[3]

On the basis of what has been said herein, it is necessary that this case be remanded for a determination of the proper amount as restitution on the motor home upon which it has been established that the appellant damaged. We affirm the juvenile court's order, except that the restitution should be corrected to an appropriately modified amount. No costs awarded.

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

---

3. Cf. *State ex rel. B\_\_ C\_\_ C\_\_ v. Conley,* Mo. App., 568 S.W.2d 605.