**STATE of Utah, Plaintiff and Respondent,**

v.

**Billie J. GARNICK, Defendant and Appellant.**

No. 16737.

Supreme Court of Utah.

Nov. 10, 1980.

Stephen R. McCaughey of Hatch & McCaughey, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant appeals from an order, after hearing, revoking her probation on the ground she violated a condition of her probation that she make restitution in the sum of $3,015.30. Defendant asserts the condition was void on the ground the trial court had no authority to impose restitution in this case. The order of the trial court is affirmed. All statutory references are to Utah Code Annotated, 1953, as amended, unless otherwise specified.

Initially, defendant was charged by information with a violation of Section 76–8–402(1)(a), a third degree felony. Specifically, it was alleged that on or about October 1, 1976, and continuing to January 12, 1977, defendant, having been charged with the

receipt, safekeeping, transfer or disbursement of public moneys, without authority of law, appropriated the money or any portion thereof to her own use, or the use of another. Defendant pleaded not guilty. Subsequently, a plea bargain was arranged, and an amended information was filed charging defendant with an attempt to commit a violation of Section 76–8–402(1)(a), a class A misdemeanor. Defendant pleaded guilty to the amended information.

On November 28, 1978, defendant was sentenced to be confined to the Utah County Jail for a period of one year. Execution of the sentence was suspended and defendant was placed on probation for a period of eighteen months under certain specified conditions including the following:

"4. That she make restitution in an amount to be found due by the department [Department of Adult Probation and Parole] as shown by their investigation and under a program to be worked out with the department."

The trial court retained jurisdiction to make further orders as they might become necessary. Defendant neither refused probation because of the conditions nor challenged the authority of the court to order restitution. Based on an audit, the amount subject to restitution was determined. On March 23, 1979, a hearing was held to modify the probation order, i. e., the order was modified to indicate the amount of restitution due was $3,015.30.[1]

An order to show cause was issued, and a hearing was held on October 12, 1979, to determine whether defendant's probation should be revoked. The trial court found defendant had not paid *any* amount of restitution. The trial court ruled it had authority to order restitution, even though defendant pleaded guilty to an attempted misuse of public money. Defendant's probation was revoked, and the original sentence was ordered executed.

Both before the trial court and on appeal defendant's sole contention is that under Section 77–35–17, the trial court did not have authority to order restitution as a condition of probation where defendant had pleaded guilty to an attempt to commit the crime charged.

At the time defendant was given probation and ordered to make restitution, the relevant provisions of Section 77–35–17, provided:

"Upon a plea of guilty or conviction of any crime or offense, if it appears compatible with the public interest, the court having jurisdiction may suspend the imposition *or* the execution of sentence and may place the defendant on probation for such period of time as the court shall determine.

". . . While on probation the defendant . . . may be required to make restitution or reparation to the aggrieved party or parties for the actual damages or losses caused by the offense to which the defendant has pleaded guilty or for which conviction was had; . . ."[2]

Defendant urges that the authority of the trial court to order restitution or reparation is by statute limited to "the actual damages or losses caused by the offense to which the defendant has pleaded guilty";

1. The minute order recited defendant and counsel had been notified of this hearing, but neither appeared. At the revocation hearing, the trial court found there was no showing defendant was personally notified of the March 23, 1979 hearing, and she denied knowledge thereof. In this appeal, defendant makes no claim in regard to this lack of notice. The probation report indicates that she was advised of the restitution order. Defendant requested that the department allow her to defer payment until further review by the court. She agreed to set aside funds for restitution and provide verification thereof until she could file a petition before the court for review of the restitution provision. She neither filed a petition for review nor provided a plan for verification of payment.

2. This section was amended by Chapter 69, Laws of Utah 1979, and correlated with amendments to Sec. 76–3–201, Chapt. 69, Laws of Utah 1979.

therefore, since she pleaded guilty to an attempted offense, there was no substantive offense committed for which she could make restitution.

Defendant's claim is without merit. A person may be convicted of an attempt to commit a crime, although he actually committed the offense. [Section 76–4–101(3)(a)] [3] An argument similar to defendant's was urged in *United States v. Tiller*.[4] The statutory provision providing for restitution or reparation in 18 U.S.C., Section 3651, has language to the same effect as that in Section 77–35–17 in the Utah Code. In *Tiller*, the defendants argued that since conspiracy was an inchoate crime, the essence of which was agreement to commit a crime at some future time, the conspiracy count to which they pleaded caused the government no actual damages. The court responded that the defendants' argument was overly technical, at least as applied to the facts of the case. The Court ruled that restitution might be ordered as a condition of probation for actual damages charged in the indictment to have been caused by the operation of the conspiracy.[5]

A statement in *People v. Gallagher*[6] is particularly applicable to the factual situation of the instant case. The Court stated:

"Every trial judge accepts plea–agreement convictions to lesser offenses, often 'attempts,' and hears defendants admit the greater or completed criminal conduct. Crime should not be profitable. An attempt connotes no loss. If a judge cannot require restitution of a loss he knows has occurred, he may decide against probation."

Defendant cites and relies on *State v. Reedeker*,[7] to support her claim that restitution cannot be ordered under the statute. *Reedeker* is clearly distinguishable, for therein defendant was ordered to make restitution for a series of larcenies for which he had never been charged, heard, or convicted.[8] In the instant case, defendant was ordered to make restitution for the peculations charged in the information and to which she pleaded guilty. Significantly, defendant does not contend that the amount she was ordered to pay was other than the actual damages of her victim but relies solely on the ground she pleaded guilty to an inchoate offense. Under the facts of this case, such a position is untenable.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.

---

3. *State v. Burks*, 29 Utah 2d 378, 510 P.2d 532 (1973).

4. C.A.2d, 602 F.2d 30, 33–34 (1979).

5. In *State v. Foltz*, 14 Or.App. 582, 513 P.2d 1208, 1210 (1973), the Court ruled that defendant's conviction for an attempt to commit theft would not preclude the court from conditioning probation upon restitution of the amount actually taken.

6. 55 Mich.App. 613, 223 N.W.2d 92, 95 (1974).

7. Utah, 534 P.2d 1240 (1975).

8. Also see *State in Interest of Schroeder*, Utah, 598 P.2d 373 (1979).